The opinion of the court was delivered by
Valentine, J.:
This was an action brought by Billson & Jones against Hodgson and wife, and one John W. Berry to foreclose a mechanic’s lien. No service was ever obtained upon said Berry, and the case was dismissed as to Mrs. Hodgson. The trial then proceeded before the court, without a jury, against Hodgson alone. The court found that there was no mechanic’s lien, but rendered a personal judgment against Hodgson and in favor of Billson & J ones for the amount that they claimed. Hodgson claims that this judgment was erroneous.
The petition in the court below stated among other things *569 that the labor and materials for which the plaintiffs sued were furnished under a contract made between the plaintiffs and said John W. Berry, and that Berry was the agent and trustee of Hodgson for that purpose. Afterward the plaintiffs amended their petition so as to allege that Berry was the original contractor with Hodgson, and that they were subcontractors under Berry, and all allegations in the petition setting forth that Berry was an agent or trustee of Hodgson were stricken out. The petition also stated that Hodgson was the owner of the property (a house) for which said labor and materials were furnished. There was no pretense in the amended petition that there was ever any contract entered into between the plaintiffs and Hodgson. Now under such a petition we suppose no personal judgment could be rendered against Hodgson. He was not personally liable to the plain-, tiffs. Berry alone was personally liable to them. If the plaintiffs had succeeded in establishing their claim against Berry, and had also succeeded in establishing their mechanic’s lien, then they could have made the specific property of Hodgson’s to which the mechanic’s lien attached liable for the payment of their claim, and they could have obtained a judgment that the property should be sold to satisfy their claim. But this is all that they could have done. They could not under any circumstances (in such a case) make Hodgson personally liable, nor could they make his property in general liable; and no judgment against Hodgson personally, or against his property in general, should-have been rendered. No evidence tending to prove a personal- liability on the part of Hodgson could have been introduced under this petition; and as the plaintiffs failed to establish their mechanic’s lien, no judgment of any kind should have been rendered against Hodgson. . The transaction seems from the evidence, which is all brought to this court, -to be about as follows: Hodgson owned the property — a house; Berry rented it; Berry alone employed the plaintiffs to make said improvements; they made the imptovements; Berry left the country without paying for the rent of the house, or for the *570 improvements made thereon; Hodgson never owed Berry anything, nor ever agreed to pay him anything for the improvements, but .on the contrary Berry owed Hodgson. Hodgson afterward told the plaintiffs orally that if they filed a mechanic’s lien on his building he would pay Berry’s debt to them; they attempted to file a lien, but it seems from the findings of the court did not do so; why the lien was not sufficient we have not examined.
The judgment of the court below is reversed, and cause remanded for a new trial.
All the Justices concurring.