DENVER HARDWARE COMPANY, PLAINTIFF IN ERROR, v. CROKE, DEFENDANT IN ERROR.

1. MECHANICS' LIENS.

A person desiring to avail himself of the provisions of the Mechanic's Lien Act is required to file for record in the office of the county recorder a statement containing, among other things, the name of the person who furnished the material or performed the labor for which the lien is claimed; and in case the lien is claimed by a subcontractor it must also contain the name of the contractor if known, or if not known a statement to that effect, and a copy thereof must, at or before the time of filing, be served upon the owner of the property or his agent, or an affidavit must be filed that neither such owner nor agent can be found in the county.

2. IMMATERIAL ERROR.

Assignments of error as to rulings which, whether right or wrong, could have had no effect upon the final result, will not be considered.

*Error to the District Court of Arapahoe County.*

Mr. EDWIN H. PARK, for plaintiff in error.

Mr. JAMES H. BROWN and Mr. MILTON SMITH, for defendant in error.

THOMSON, J., delivered the opinion of the court.

This is a suit for the enforcement of a mechanic's lien. The averments of the complaint are that about March 1, 1891, J. M. Cochran entered into a contract with the defendant Croke for the erection and construction of certain buildings and improvements; that afterwards Burton & Flaherty made a contract with Cochran to furnish labor and material, to be used in the construction of the buildings, for the sum of $775; that after the last named contract was made the defendant Croke accepted it, and that at his instance Burton & Flaherty furnished the entire labor and

material mentioned directly to him; that on August 22, 1891, Burton & Flaherty assigned their claim against Croke on account of this labor and material to The Denver Hardware Company; and that the company, as assignee, on the 20th day of November, 1891, filed in the office of the county recorder its statement of lien upon the buildings, and the land occupied by them, for the balance due upon the contract. In the statement Burton & Flaherty were designated as the principal contractors, and September 25, 1891, as the day the last work was done. Judgment for the balance due and a decree for the enforcement of the lien were prayed.

The answer denied that Burton & Flaherty were principal contractors, or that the labor and material in question were furnished to Croke; and averred, among other things, that they were subcontractors; and furnished the labor and material by virtue of their contract with Cochran; and alleged that on the 20th of November Croke had paid Cochran in full upon his contract.

The evidence for the plaintiff was to the effect that the contract between Cochran and Burton & Flaherty was made late in the winter or early in the spring of 1891; that work was commenced under it in the following April or May; that a great portion of the work was done by the 15th of June; that some time in June or July, Croke took the contract out of Cochran's hands, and completed it himself; that shortly after Cochran had relinquished the job, Croke told Burton & Flaherty to go ahead and he would pay them, which they did; that Cochran had paid them $300 and the balance was unpaid. The plaintiff did not show what amount or value of work or material went into the buildings under the contract after Croke took personal charge of the job. When the plaintiff rested the defendant moved for a nonsuit, which was denied.

Croke testified that he never assumed or adopted any part of Burton & Flaherty's contract with Cochran; that he never agreed to pay them anything on account of that contract, or directed them to proceed on his account; that he

told them he was going to finish the building, and any work that he ordered he would pay for; that the only work which he ordered was an extra dormer window for which he paid; and that at different times prior to November 20th, he had paid Cochran sums of money which in the aggregate equaled the full amount specified in his contract.

Our mechanic's lien law provides that the person desiring to avail himself of its provisions shall file for record in the office of the county recorder of the county wherein the property to be affected by the lien is situated a statement which shall contain, among other things, the name of the person who furnished the material, or performed the labor, for which the lien is claimed; and in case the lien is claimed by a subcontractor the statement shall also contain the name of the contractor, or if his name is not known, a statement to that effect. In the case of a subcontractor it is likewise provided that for the purpose of preserving a lien, there must, at or before the time of filing the statement, be served upon the owner of the property, or his agent, a copy of the statement, or an affidavit must be filed with the statement that neither such owner nor agent can be found in the county; and unless such copy was served upon the owner or agent, or such affidavit recorded, the owner is not chargeable with notice of the lien.

The lien statement filed by the plaintiff was that prescribed in the case of a principal contractor, and created a lien in its favor only in so far as its assignors were principal contractors. If they were merely subcontractors throughout, no rights were acquired by a statement in that form. If the statement of a subcontractor does not contain the name of the principal contractor, or a statement that it is unknown, as required by the statute, the defect is not a mere informality, which by the terms of the act may be disregarded. It pertains to substance and not to form. By such omission he represents himself as a principal contractor. The conditions upon which a lien may be acquired by a principal contractor and by a subcontractor are different.

The former satisfies the law by filing his statement in the recorder's office without more; but no lien is created in favor of the latter unless he has not only filed his statement substantially in the form prescribed, but served a copy upon the owner or his agent, or recorded an affidavit that such owner or agent cannot be found in the county. The owner deals directly with the contractor, and is presumed to know the condition of the account between himself and the latter; subcontractors are strangers, their contract is not with the owner, and although, until the time has expired within which their liens may be filed, he pays the contractor at his own risk, yet to affect him with ultimate responsibility to them, knowledge of their claims and the character in which they are made must be brought home to him in the manner prescribed by the statute; and a statement describing a claimant as a principal contractor, notwithstanding a copy may be served upon the owner, which was not done in this case, is not notice that there is money owing to him as a subcontractor.

According to the evidence for the plaintiff, Burton & Flaherty were subcontractors down to the time when Cochran left the work; but if after that they completed their contract under a special agreement with the defendant, then as to the work done under that agreement they were principal contractors, and this lien, being a principal contractor's lien could be enforced for the value of that work. But there was no proof made or attempted of what such value was. A considerable part of the work was done under the contract with Cochran, but as to how much, or how much was done afterwards, or of any facts from which the court could determine what judgment should be rendered, the plaintiff offered no evidence. The plaintiff therefore failed in its proof, and if the court had allowed the nonsuit it would not have erred.

But the testimony of the defendant was in direct conflict with that of the plaintiff's witnesses as to the agreement claimed to have been made with him. He denied any agreement with Burton & Flaherty except that concerning the

dormer window, for which he paid; and it is evident that the court accepted his testimony as a true statement of the facts. It is established by the court's finding, which we cannot review, that Burton & Flaherty did no part of the work as principal contractors. The lien statement was therefore inoperative, and there was no lien to be enforced.

Over the plaintiff's objection the court admitted the testimony of E. J. Hodgson, taken at a former trial of the cause, without any reason being exhibited for his non-production in person. This was error. The testimony of the witness related entirely to the time when the last work upon the building was done by Burton & Flaherty. Under other conditions of fact this evidence would have been important, and its admission a ground for reversal; but it had not the remotest bearing upon the question which is controlling in the case, and the error was therefore harmless.

Other rulings are assigned for error, but it is unnecessary to examine them, because, whether right or wrong, they had not and could not have had any effect upon the final result.

Let the judgment be affirmed.

*Affirmed.*