THE SPRINGFIELD BOILER AND MANUFACTURING COMPANY v. WESLEY E. BEST *et al.*

No. 12,323.  (65 Pac. 239.)

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Contract of Sale.*  Where one manufacturing company sells certain of its products to another manufacturing company without reference to the use the latter intends to make of the same or for what purpose it was being purchased, the seller is not entitled to a subcontractor's lien, notwithstanding the purchaser, at the time of the sale, had contracted to furnish it to another, to be used in the erection of permanent improvements upon its real estate.

Error from Crawford district court; W. L. SIMONS, judge.  Opinion filed June 8, 1901.  Division one. Affirmed.

STATEMENT.

WESLEY E. BEST, the defendant in error, commenced an action in the district court of Crawford county, Kansas, against the Litchfield Car and Machine Company, to recover a judgment of $1423.47 on a promissory note, and garnished the Wear Coal Company, which answered that it was indebted to the Litchfield Car and Machine Company in the sum of $1098.36 for a certain boiler and other machinery purchased from it.  Afterward the Wear Coal Company applied for permission to file a supplemental answer, as garnishee

which was granted.    In this answer it stated, in sub-stance, that since the filing of the former answer the Springfield Boiler and Manufacturing Company had filed a subcontractor's lien in the office of the clerk of the district court of Crawford county, claiming that the sum of $310 was due from the defendant Litchfield Car and Machine Company for a certain boiler claimed to have been sold by said manufacturing company to the machine company for the use of the garnishee, and for which the garnishee was indebted to the machine company; that at the time of the filing of its former answer it had no notice or knowledge of any kind whatever of any claim of a lien by the said manufac-turing company, or that defendant was indebted to it.

The Springfield Boiler and Manufacturing Company entered its general appearance in the action and filed its answer, setting up a subcontractor's lien, and al-leging that of the amount the garnishee was owing to said Litchfield Car and Machine Company, as set forth in its supplemental answer, the sum of $310 was for material furnished by said Springfield Boiler and Manufacturing Company to said Wear Coal Company, under a contract with said Litchfield Car and Machine Company for the erection, alteration and repair of certain improvements and buildings on a certain coal-shaft, in the county of Crawford, state of Kansas, the property of the Wear Coal Company; that said ma-terial was used in the construction and improvement of said coal-shaft, and that it had filed a lien.    It asked that the lien be foreclosed, and that the coal company be made a party defendant; that it might have judgment against the Litchfield Car and Machine Company for the sum of $310, with interest; that the amount be adjudged a first lien, and the premises be sold to satisfy it; that at the time it made its contract

with the Litchfield Car and Machine Company the latter had a contract with the coal company to furnish said machinery; that the boiler was furnished under a subcontract, as herein alleged, for the coal-shaft, and was used in the construction and improvement thereof. The answer contained a copy of its subcontractor's lien.

To this answer and cross-petition Best filed a general denial. The coal company replied, denying that the Springfield Boiler and Manufacturing Company ever furnished any material to it, as stated in its answer, or in any other way or manner, and denied that the defendant ever had any subcontract with the defendant Litchfield Car and Machine Company to furnish any material to the coal company, and denied that the manufacturing company ever sold or, contracted to sell any machinery or material to the machine company or to any other person, to be by it furnished to the coal company.

Upon the trial the parties waived a jury, and the cause was tried by the court. The court held that the burden of establishing the issues, as between the plaintiff and the Springfield Boiler and Manufacturing Company, was upon the latter, to which ruling it excepted. The court ordered that the Wear Coal Company pay into court $1098.36, the amount due the Litchfield Car and Machine Company, as disclosed by its answer, and that said money be held for distribution, to await the further order of the court.

Upon the final trial, the court found that the Wear Coal Company was indebted to the Litchfield Car and Machine Company in the sum of $1098.36, and that the Litchfield Car and Machine Company was indebted to plaintiff, Wesley E. Best, in the sum of $1459.11; that the Springfield Boiler and Manufacturing Company

was not entitled to and did not have a subcontractor's lien for the material which it furnished and which was used in the construction of the coal-shaft erected on the premises of the coal company. Judgment was rendered in accordance with the findings. The Springfield Boiler and Manufacturing Company filed its motion for a new trial, which was by the court overruled, and it brings the case here for review.

*J. M. Wayde*, for plaintiff in error.

*R. M. Cheshire*, for defendant in error Wesley E. Best.

The opinion of the court was delivered by

GREENE, J. : The only material question presented to this court, so far as plaintiff is concerned, is whether or not it had a subcontractor's lien on the premises described in its answer. Our statute (Gen. Stat. 1901, §§ 5117, 5119) provides that any person who shall, under contract with the owner of any tract or piece of land, furnish material for the erection of any building, improvement or structure thereon, shall have a lien upon the premises for the amount due him for such material ; that any person who shall furnish such material under a subcontract with the contractor may obtain a lien, in the same manner and to the same extent as the original contractor, for the amount due him, by filing a verified statement with the clerk of the district court of the county in which the land is situted, within sixty days after the date upon which material was last furnished. It appears from the record that the Springfield Boiler and Manufacturing Company complied with the requirements of the statute in filing its lien. The question is, Did it furnish

this material under a subcontract with the contractor, within the meaning of the statute?

The evidence in this case shows that the Springfield Boiler and Manufacturing Company is a manufacturing establishment located and doing business at Springfield, Ill. ; that the Litchfield Car and Machine Company is also engaged in manufacturing, and is located at Litchfield, Ill. ; that the Wear Coal Company purchased of the Litchfield Car and Machine Company a certain boiler and other machinery, to be placed and used in its coal-shaft in Crawford county, Kansas ; that the Litchfield Car and Machine Company did not have any such boiler on hand at the time, and that it wrote the Springfield Boiler and Manufacturing Company to quote it prices on a certain described boiler ; that the latter replied by letter, and to this the machine company wired its acceptance. The boiler was shipped to the purchaser at its place of business at Litchfield, and by it unloaded from the cars, where it remained until ready for shipment to Kansas. The Springfield Boiler and Manufacturing Company did not have any knowledge for whom this boiler was intended, nor for what purpose it was to be used— whether it was to be put up in Illinois or elsewhere, or to remain in the stock of the Litchfield Car and Machine Company. It is said by plaintiff in error that the boiler was purchased to be put in the Wear Coal Company's shaft in Crawford county. This is probably true, but the Springfield Boiler and Manufacturing Company did not know this at the time of the sale and delivery to the machine company. Under such circumstances, can it be said that the Springfield Boiler and Manufacturing Company entered into a subcontract with the contractor to furnish a boiler for the

Wear Coal Company, to be used in its coal-shaft in Crawford county, Kansas? We think not.

The Springfield Boiler and Manufacturing Company and the Litchfield Car and Machine Company were manufacturing and jobbing houses, and in this instance they dealt exclusively on the individual credit of the latter, and did not contract one with the other with reference to the statutory mechanics' liens of the different states of the union. When a subcontractor may secure a lien depends entirely on the circumstances of each separate transaction; but it is clear that where two manufacturing companies deal with each other as the two companies in question dealt in this instance the seller cannot have a mechanic's lien. If it could, each wholesale or jobbing house which sells to the retail dealer a windmill, pump or bill of lumber might follow each article until it became a permanent fixture to some man's real estate and file a lien thereon. The law does not contemplate this.

The statute provides that any person who shall furnish any such material under contract with the contractor may obtain a lien. This means more than that an ordinary contract shall exist between the seller and purchaser that the purchaser shall pay the contract price; it means that the subcontractor shall contract with reference to the original contract; that is, he must have knowledge of such original contract, and that the material to be furnished is to go to the betterment of some particular estate. The evidence in this case proves that in the sale of the boiler by the Springfield Boiler and Manufacturing Company to the Litchfield Car and Machine Company the former did not contract with reference to, or have any knowledge whatever of, the contract between the latter and the

Wear Coal Company.   Under such circumstances it is not entitled to a lien.

There are some other alleged errors, but upon examination we have found nothing that is material. The judgment of the court below is affirmed.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.