THE WESTERN SASH AND DOOR COMPANY V. J. C. HEIMAN *et al.*

No. 13,847. (80 Pac. 16.)

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Insufficient Statement of Subcontractor.* In furnishing lumber for the construction of a building a material-man stood in the relation of a subcontractor to the owner of the property. The lien statement and notice recited that one B., a contractor, assisted the owner in the purchase of the material. The name of the contractor was not mentioned except incidentally as above stated. The prayer of the petition in a suit to foreclose the lien asked for a personal judgment against the owner of the property as well as B. *Held,* that the statement was insufficient to give the claimant a subcontractor's lien.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed March 11, 1905. Affirmed.

STATEMENT.

THIS was a suit to foreclose a mechanic's lien, brought by the Western Sash and Door Company against J. C. Heiman and others, trustees of the John Saylor Memorial Methodist Episcopal Church of Linwood, and J. L. Buckner. The petition contained the following allegations:

". . . Said trustees, acting by and through a contractor, J. L. Buckner, between whom and said trustees some arrangement or agreement had been

made by which said Buckner was to assist in the purchase of the material hereinafter described, the exact nature of which arrangement is unknown to this plaintiff; that in pursuance of said agreement there was sold and delivered to said Buckner for said trustees merchandise to the amount of $320.98, consisting of various kinds of lumber and woodwork supplies, all of which, together with the prices and values thereof and the dates upon which the same were furnished, will more fully appear by the itemized statement of account which is attached to and made part of the mechanic's-lien statement which is attached to and made a part of this petition and marked 'Exhibit A'; that said itemized statement of account is a true, accurate statement of the account existing between this plaintiff, Buckner, and said trustees; that all goods named were furnished on the dates therein specifically named; that the price set opposite each item of goods is the price thereof and the fair value of the same, the same being reasonably worth said amount; that all of said goods were delivered to said trustees and by them received, and were placed in and upon the premises described in said 'Exhibit A,' to wit: Lots 11 and 12, in block numbered 17, in the town of Linwood, Leavenworth county, state of Kansas, and that the same are now part of the lasting and valuable improvements upon said premises by said trustees; that the last goods furnished as aforesaid were furnished on December 2, 1895; that on the 20th day of December, 1895, a statement for a mechanic's lien was filed with the clerk of the district court of said county, a copy of which is attached hereto as 'Exhibit A,' and on the 24th of December, 1895, a notice of the filing of such lien was served upon said trustees, a copy of which notice is hereto attached, made part hereof and marked 'Exhibit B,' and that attached to said notice was a correct copy of the statement for a mechanic's lien, with all the exhibits thereto attached; that none of said amounts has been paid, and there is now due and owing from said Buckner and the said trustees to this plaintiff, because of the matters and things aforesaid, the sum of $320.98."

Judgment was prayed for against Buckner and the trustees; that the lien of plaintiff be declared the first

and superior lien upon the premises; and that the property be sold to pay the same.

The lien statement referred to in the petition, with the bill of items omitted, and the notice served on the owners of the property, are as follow:

### "STATEMENT.

"And now comes the Western Sash and Door Company, a corporation duly organized and existing by virtue of law, and makes its statement for mechanic's and material-man's lien on lots Nos. 11 and 12, block 17, in the town of Linwood, county of Leavenworth, state of Kansas, for goods, wares, and merchandise, lumber and material furnished and supplied to the owner of said premises, to wit: The trustees of the John Saylor Memorial Methodist Episcopal Church of Linwood, Kan.; that such material was furnished for the erection, alteration and repairs of certain improvements, buildings and structures situate upon said premises; that the amount claimed by this claimant is $320.98, for material furnished as aforesaid under contract made by and between this claimant on the one part and the owner of said premises and a contractor, J. L. Buckner, between whom and the owner of said premises some arrangement had been made by which said Buckner was to assist in the purchase of the material aforesaid, the exact nature of which arrangement is unknown to this claimant; that the items constituting said amount as nearly as practicable are set forth in an itemized statement of account hereto attached and made part hereof and marked 'Exhibit A,' and that all of said material was used in and all of said lumber furnished entered into the buildings on said premises; that the names of the owners of said premises are J. C. Heiman, Theodore Zimmerlei, Elbert Bales, Carry Warring, and Jacob Barker, trustees for the John Saylor Memorial Methodist Episcopal Church of Linwood, Kan.; that the name of the claimant is as already stated, the Western Sash and Door Company; that the description of the property is as above set forth; that the last of said material furnished was furnished on December 2, 1895; that no promissory note has been given for the whole or any part of said claim, and said claimant, the Western

Sash and Door Company, claims a lien upon said premises for the amount aforesaid, to wit, $320.98.

WESTERN SASH AND DOOR COMPANY,
By W. HUTTIG, Pres., *Claimant.*"

"NOTICE.

"To J. C. Heiman, Theodore Zimmerlei, Elbert Bales, Carry Warring, and Jacob Barker, trustees of the John Saylor Memorial Methodist Episcopal Church of Linwood, Kan.: You are hereby notified that a statement for a mechanic's lien, a copy of which is attached to this notice, was filed in the office of the clerk of the district court of Leavenworth county, state of Kansas. This statement is filed for a lien against the property owned by you, to wit, lots Nos. 11 and 12, block 17, in the town of Linwood, county of Leavenworth, state of Kansas.

WESTERN SASH AND DOOR COMPANY,
By LOUIE FREYERMUTH."

The testimony showed that Heiman and the other trustees bought the lumber and material for the price of which a lien was claimed from one J. L. Buckner, a broker in Kansas City, Mo.

Plaintiff below refused to sell to the trustees directly, for the reason that it would interfere with the business of a local dealer at Linwood. They sold directly to Buckner, knowing, however, that the material furnished to him was to be used in the erection of a church building at Linwood. At the conclusion of the testimony the court below directed a verdict against plaintiff below, which is plaintiff in error here.

*Atwood & Hooper,* for plaintiff in error.

*Bremermann & Heidelberger,* for defendants in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: The difficulty in the way of a recovery by plaintiff below lies in the lien statement and notice. The Western Sash and Door Company

stood in the relation of a subcontractor to the church trustees. It sold the material to Buckner. Its president so testified, and its counsel here concede the fact. To establish a valid lien it was required by law to bring itself squarely within the statute. That part of section 5119, General Statutes of 1901, relating to subcontractors' liens, which is applicable to the case in hand reads:

"Any person who shall furnish any such material . . . under a subcontract with the contractor . . . may obtain a lien upon such land from the same time, in the same manner and to the same extent as the original contractor, for the amount due him for such material, . . . by filing with the clerk of the district court of the county in which the land is situated, within sixty days after the date upon which material was last furnished . . . under such subcontract, a statement verified by affidavit, setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property upon which a lien is claimed; and by serving a notice in writing of the filing of such lien upon the owner of the land; . . . provided, that the owner of any land affected by such lien shall not thereby become liable to any claimant for any greater amount than he contracted to pay the original contractor; but the risk of all payments made to the original contractor shall be upon such owner until the expiration of the sixty days hereinbefore specified; and no owner shall be liable to an action by such contractor until the expiration of said sixty days, and such owner may pay such subcontractor the amount due him from such contractor for such labor and material, and the amount so paid shall be held and deemed a payment of said amount to the original contractor."

A reference to the statement for a lien will show that it is defective as a subcontractor's lien in that it recites that the contract for the sale of the material was made with the owner direct, the latter being assisted in the purchase by Buckner, the contractor. The

word "contractor" appears but once in the lien statement, and then as *descriptio personæ* of Buckner. The name of the owner is specifically set forth, also the name of the claimant, but the name of the contractor is incidentally mentioned as descriptive of the person who helped the owners buy the material of the sash and door company. A copy of the lien, accompanied by the notice of its filing, was served on the church trustees. The statute provides that "the risk of all payments made to the original contractor shall be upon such owner until the expiration of the sixty days hereinbefore specified"—that is, from the date when the material was last furnished. No risk was incurred by payment to Buckner by the church trustees, because plaintiff does not assert in the lien or notice that Buckner was the "original contractor." There seems to have been a studied purpose of the lien claimant not to place itself in the attitude of a subcontractor dealing alone with Buckner. It so phrased the lien statement that it might be available if the evidence showed it to be either the original contractor or a subcontractor.

In *McIntyre v. Trautner,* 63 Cal. 429, a case which is almost parallel in its facts to the present one, the lien notice contained a statement "that one George Scheibel was the name of the contractor who, 'as such contractor *and as agent for and on behalf of said Trautner* (defendant), entered into a contract with said McIntyre (plaintiff), under and by which' the work was done and materials furnished." It was held that the words "as a contractor" were surplusage and did not "detract from the effect of the statement that Scheibel, in employing plaintiff, acted as agent for the defendant." (See, also, *Denver Hardware Co. v. Croke,* 4 Colo. App. 530, 36 Pac. 624.)

The prayer of the petition is appropriate to an action brought by plaintiff below as an original contractor with the owner of the property. It asks for a

personal judgment against Buckner and also against the church trustees. If the Western Sash and Door Company was a subcontractor it could not recover a personal judgment against the owner. (*Hodgson v. Billson*, 12 Kan. 568.)

When this case was here before (65 Kan. 5, 68 Pac. 1080) comment was made on the fact· that the lien statement showed that the material was sold by the sash and door company direct to the church corporation. The questions involved now were not decided, however, at the former hearing. The statement for a lien and the notice not being sufficient under our statute to fix a subcontractor's claim on the church property, the judgment of the court below is affirmed.

All the Justices concurring.