The Chicago Lumber & Coal Company v. J. H. Washington *et al.*

No. 16,131.

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Subcontractor's Statement—Name of Contractor.* The requirement of the mechanic's lien statute that the statement filed by one claiming a subcontractor's lien must, among other matters, state the name of the contractor is not met by a recital that the material was sold to a designated person and by him used in constructing a building upon land belonging to another, although the person so designated was in fact the contractor. Such lien statement is fatally defective unless it shows ,by express averment or by reasonable implication that the purchaser of the material made the improvement under contract with the owner.

Error from Wichita district court; CHARLES E. LOBDELL, judge. Opinion filed July 3, 1909. Affirmed.

*D. .A. Banta,* and *Clyde Allphin,* for the plaintiff in error.

*J. S. Simmons,* for the defendants in error.

The opinion of the court was delivered by

MASON, J.: The Chicago Lumber & Coal Company prosecutes error from a ruling sustaining a demurrer to its petition seeking the enforcement of a mechanic's lien. It contends that the petition states a cause of action against the owner of the property, Mrs. J. H. Washington, upon the theory that material for her building had been sold by the plaintiff directly to her. This theory, however, is inconsistent with the petition, which alleges that she entered into a contract with Moore, Robison & Co. to construct the building, and that this firm bought of the plaintiff the material for which the lien is claimed, and used it for that purpose. The pleading also avers in substance that the material was so bought and used with the knowledge and consent of Mrs. Washington; that the account for it, which had been opened against Moore, Robison & Co., was afterward transferred, for the plaintiff's convenience, to an account against her husband, who acted as her agent; and that the material was furnished by the plaintiff to her through such firm in the manner and for the purpose aforesaid. These averments, however, do not amount to a statement that the material was actually sold to Mrs. Washington, and are therefore insufficient either to charge her personally with the indebtedness or to form the basis for establishing a lien on the theory suggested. No liability against the owner arose from the fact that she consented to the contractor's buying the material from the plaintiff and using it in constructing her house. The transfer of the account to the name of her husband, for the convenience of the plaintiff, was a mere matter of bookkeeping, and could not change the real nature of the transaction. The statement that the material was furnished to the owner, through the contractor, "in the manner and for the purpose aforesaid," must be con-

strued to mean merely that it was sold to the contractor, who used it in building the owner's house, and in that way "furnished" it to her.

The remaining question is whether the statement filed is sufficient to support a subcontractor's lien. The statute requires such a statement to set forth "the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property upon which a lien is claimed." (Civ. Code, § 632.) All these requirements, excepting that relating to the name of the contractor, are sufficiently met. The portion of the statement material to the present inquiry reads as follows:

"That . . . J. H. Washington was the owner of the following real estate . . . ; that . . . J. H. Washington and Moore & Robison did purchase of the said Chicago Lumber & Coal Company certain building material, according to schedule hereto annexed, to be used in the construction of a certain dwelling-house on the above-described real estate; that the said Chicago Lumber & Coal Company did furnish the material applied in, about and upon the buildings and improvements aforesaid, an itemized statement of which is attached hereto and made a part hereof, marked 'Exhibit A'; that said material was actually used in the construction of and erection of said buildings and improvements . . . ; that there is due and owing the said Chicago Lumber & Coal Company from the said J. H. Washington and Moore & Robison, for said materials, the sum of $1400.85."

The allegations charging the owner with direct personal liability for the debt are not appropriate to a statement for a subcontractor's lien; they add nothing to it, but they do not vitiate if it is otherwise sufficient. (*Cunningham v. Barr*, 45 Kan. 158; *Hydraulic Press Co. v. McTaggart*, 76 Mo. App. 347, 352.) The name of the contractor, however, is an essential part of the statement, the omission of which is fatal. (27 Cyc.

179.) And it is not enough that the name of the person who is in fact the contractor shall appear somewhere, in the statement; in addition to this the statement itself must indicate, either expressly or by reasonable implication, that the name in question is that of the contractor. (*Sash Co. v. Heiman,* 71 Kan. 43.) In the case just cited the lien statement read:

"The amount claimed . . . is . . . for material furnished as aforesaid under contract made by and between this claimant on the one part and the owner of said premises and a contractor, J. L. Buckner, between whom and the owner of said premises some arrangement had been made by which said Buckner was to assist in the purchase of the material aforesaid, the exact nature of which arrangement is unknown to this claimant." (Page 45.)

The court said:

"The statute provides that 'the risk of all payments made to the original contractor shall be upon such owner until the expiration of the sixty days hereinbefore specified'—that is, from the date when the material was last furnished. No risk was incurred by payment to Buckner by the church trustees [the owners], because plaintiff does not assert in the lien or notice that Buckner was the 'original contractor.' There seems to have been a studied purpose of the lien claimant not to place itself in the attitude of a subcontractor dealing alone with Buckner. It so phrased the lien statement that it might be available if the evidence showed it to be either the original contractor or a subcontractor." (Page 48.)

The statement in the present case, considered as one for a subcontractor's lien, is defective in this: that while it recites that the claimant sold to Moore & Robison certain material which was intended to be used in building a house on Mrs. Washington's land, and was in fact so used, it does not say that Moore & Robison sustained any contractual relations with Mrs. Washington. Nor can that fact be inferred from the mere circumstance of their incurring an obligation for

the betterment of her property. They may have been tenants, or occupants under adverse title, or for various reasons may have had motives of their own for desiring the improvement made. Like any other non-penal statute, that relating to mechanics' liens is to be construed with reasonable liberality to promote its object, but its requirements must be substantially complied with. Omitted matters of substance can not be imported into the lien statement upon a mere weighing of probabilities. Where the claimant is a subcontractor it is especially appropriate that a substantial compliance with the forms of the law be insisted upon, for in that case the debt the owner is called upon to pay is not his own but that of the contractor.

The judgment is affirmed.