No. 39,982

CARL F. MARKS, Husband of Mary Marguerite Marks, Deceased; CLARA JANE MARKS, a minor, by CARL F. MARKS, her father and next friend; and JERRY ALLEN MARKS, a minor, by C. F. MARKS, his father and next friend, *Appellants,* v. ST. FRANCIS HOSPITAL AND SCHOOL OF NURSING, INC., *Appellee.*

(294 P. 2d 258)

Opinion filed February 29, 1956.

*Robt. Morrison,* of Wichita, argued the cause, and *Ralph E. Gilchrist, Carl L. Buck,* and *Kenneth A. Kueny,* all of Wichita, were with him on the briefs for the appellants.

*Hugh P. Quinn,* of Wichita, argued the cause, and *Getto McDonald, William Tinker, Arthur W. Skaer,* and *William Porter,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The present appeal is from the order and decision of the trial court sustaining a demurrer to the plaintiffs' amended petition.

Briefly stated, on November 8, 1954, plaintiffs, as surviving husband and children of Mary Marguerite Marks, commenced an action against the defendant, to recover for her wrongful death, alleged to have occurred on or about November 10, 1952. As a result of motions directed at the petition, an amended petition was filed on January 26, 1955. The defendant demurred to this petition on the ground it showed on its face that the purported cause of action was barred by the statute of limitations, and that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained and plaintiffs perfected their appeal.

In this court it is contended by the appellants that their first petition stated a cause of action, which was amplified by the allegations of their amended petition, citing *Moeller v. Moeller,* 175 Kan. 848, 267 P. 2d 536. Appellee contends that its demurrer searched the record; that the original petition did not state a cause of action and that, if the amended petition is sufficient, it was filed after the bar of the statute of limitations (G. S. 1949, 60-3203) had fallen.

We think it well settled that a demurrer searches the record and is applied to the first defective pleading. See *e. g., Beeler & Campbell Supply Co. v. Warren,* 149 Kan. 135, 86 P. 2d 482, and cases cited. It is also settled that the filing of a petition which does not state a cause of action does not toll the statute of limitation. See *e. g., Waddell v. Woods,* 160 Kan. 481, 163 P. 2d 348, and cases cited.

In accord with the above rules we examine the original petition

to determine whether facts were pleaded sufficient to state a cause of action.

Omitting allegations of formal matters and of the status of the parties, the gist of the petition was that defendant operated a hospital for the care of mentally and physically ill persons who required hospital service, and agreed to exercise reasonable care in administering to such patients; that in October, 1952, defendant accepted as a patient Mary Marguerite Marks who was then in need of hospitalization because of her mental and physical condition; that she was placed in the hospital under the direction of Dr. G. Q. Street, a psychiatric specialist; that she was accepted as and remained a patient for approximately thirty days; that during the time she was confined in the hospital she was to receive the care, custody and control of defendant that was reasonable, necessary and required for the protection of her health and physical being; that at all times the defendant had full knowledge she was suffering from a mental disorder as well as physical disability which required she be given constant attention and nursing; that all of said services were performed by the defendant for a stipulated amount which had been paid. The charges of negligence alleged were: 1. In failing to provide a safe place for the care and control of Mary Marguerite Marks when defendant had full knowledge of her mental and physical condition; 2. In allowing her to leave the hospital unattended on November 10, 1952; 3. In failing to provide customary and physical supervision and care for the type of mental and physical illness from which she was suffering; and 4. In failing to provide proper hospital care in accordance with defendant's implied agreement at the time she was accepted as a patient. It was further alleged "That as a result of the negligence of said defendant . . . the death of Mary Marguerite Marks was caused . . ." There is no allegation as to the circumstances of her death. The remaining allegations deal with the heirship of plaintiffs and the damages sustained by them.

The gist of appellants' contention that the petition stated a cause of action is that it is clear from the petition that they suffered a loss through wrongful death and that under G. S. 1949, 60-3203, they have a remedy, and that the only question is whether appellee is responsible for the wrongful death; that their petition meets the requisites mentioned in *Rowell v. City of Wichita*, 162 Kan. 294, syl. No. 1, 176 P. 2d 590, that no cause of action for negligence is

stated unless it is alleged that there is a duty on the part of one to protect another against injury, a breach of that duty, and that the injury received is the proximate result of that breach; that they alleged acceptance by appellee of Mary Marguerite Marks as a paying patient and appellee had a legal obligation to exercise reasonable care in administering to her in support of which they quote from 41 C. J. S. p. 349, that:

"Although a private hospital is not an insurer of a patient's safety, it must exercise such reasonable care toward a patient as his *known condition* may require." (Emphasis ours.)

On the assumptions just recited, appellants further argue that it was not a necessary element of negligence that the one charged should have foreseen the precise injury (*Frazier v. Cities Service Oil Co.*, 159 Kan. 655, syl. No. 2, 157 P. 2d 882), and that ordinarily the question of what is the proximate cause of the injury is one for the jury (*Thummel v. State Highway Comm.*, 160 Kan. 532, 541, 164 P. 2d 72, and cases cited therein).

We cannot agree with appellants' assumption that it is clear their petition states a cause of action for wrongful death—that is the ultimate question for decision.

Preliminary to discussing the sufficiency of the allegations of the petition to state a cause of action, we may say we agree generally with the rules mentioned above that no cause of action is stated unless it is alleged that there was a duty of appellee to protect appellants' decedent against injury, a breach of that duty, that it was not necessary that appellee foresee the injury in the precise form in which it occurred, and that the breach was the proximate cause of the injury.

The petition alleged that appellee is a corporation organized under the laws of Kansas. There is no allegation that it is a public or governmental institution. While there is no allegation that it is a charitable institution, under our decision in *Noel v. Menninger Foundation*, 175 Kan. 751, 267 P. 2d 934, that would not grant immunity. The result seems to be that the duties imposed on appellee were those imposed on a so-called private hospital, and our discussion and determination is on that basis.

In discussing the question of duty neither brief cites any decision of this court, and our research discloses none, where the precise question, under circumstances as are now pleaded, was discussed. We have heretofore noted appellants' quotation of the rule as to

degree of care from 41 C. J. S. p. 349. Following that quotation is the following:

"The extent and character of the care that a hospital owes its patients depends on the circumstances of each particular case. A private hospital owes its patients the duty of protection, and must exercise such reasonable care toward a patient as his known condition may require. The measure of duty of a hospital is to exercise that degree of care, skill, and diligence used by hospitals generally in that community, and required by the express or implied contract of the undertaking. A hospital is liable for want of ordinary care, whether from incompetency of a nurse or failure in duty by a fully qualified nurse. The duty of a hospital toward one for whom it undertakes to care cannot, by agreement with a third person, be reduced below that which the law generally exacts. The duty of care imposed on a hospital extends to safeguarding the patient from dangers due to mental incapacity, and to the use of any instrumentality producing pain. On the other hand, a private hospital is not an insurer of a patient's safety, and the rules as to the care required are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen."

For another statement of the rule, see 30 C. J. 467.

In 26 Am. Jur. p. 595, the rule is thus stated:

"The degree of care exacted of private institutions toward their patients is such reasonable care and attention for their safety as their mental and physical condition, if known, may require, and should be in proportion to the physical or mental ailments of the patient, rendering him unable to look after his own safety . . ."

The rules above stated as to degree of care are supported by numerous decisions cited in the texts mentioned, and in annotations on the liability of private noncharitable hospitals for improper care or treatment of patients in 22 A. L. R. 341, 343, 354; 39 A. L. R. 1431, and 124 A. L. R. 186, 187, 201.

Under the authorities above mentioned it is clear that a hospital must exercise toward a patient such reasonable care as his known condition may require, and that the degree of care is in proportion to his known physical and mental ailments. It follows that the extent and character of the duty owed by the hospital will depend on the circumstances of each case.

We have heretofore outlined the allegations of the petition under review. In a very summarized way it may be said Mary Marguerite Marks was placed in the hospital because of her physical and mental condition, there to receive such care, custody and control as was reasonable and necessary and required for her health and

well being, and that the defendant had full knowledge she was suffering from a mental disorder and physical disability.

The allegation that the defendant hospital had full knowledge of her mental and physical condition was a conclusion for there was no allegation as to the nature of her physical disability nor as to the character of her mental disorder, and more important, there was no allegation that the plaintiffs, the patient's physician, or any other person, ever advised the person or persons in charge of the hospital that Mary Marguerite Marks suffered from any ailment, physical or mental, that required that she be restrained in any manner. Of course hospital authorities are aware that only those in need of treatment seek hospitalization, but that does not mean that they are aware of the precise ailment from which the admitted patient suffers. We know from the amended petition it is now contended that Mary Marguerite Marks had suicidal tendencies, but the original petition contained no allegation of that fact nor that the hospital authorities were ever so advised. The petitions failed to plead any fact leading to a conclusion that the hospital authorities were under any duty to keep the patient under continuous surveillance.

In our opinion it may not be said the plaintiffs alleged failure of the defendant to exercise reasonable care and attention, for in view of the grounds of negligence, or breach of duty, what is charged is failure to extend care to the extent of constant surveillance, a duty not pleaded.

In view of what has been said, we find it unnecessary to discuss whether the petition sufficiently alleges facts to show that any act of the defendant was the proximate cause of the death of Mary Marguerite Marks.

The original petition did not state a cause of action. Not until after the bar of the statute of limitations had fallen was the amended petition filed. That was too late and we need not discuss whether or not it stated a cause of action.

The judgment of the trial court is affirmed.

HARVEY, C. J., not participating.