No. 40,060

Houston Lumber Company of Russell, Kansas, Inc., a Corporation, *Appellee*, v. William Clifton Morris, Jr., and Marguerite L. Morris, husband and wife; (Herman H. Fabrizius); and The Home State Bank, a Kansas Corporation, *Appellants*.

(297 P. 2d 165)

Opinion filed May 5, 1956.

*Richard M. Driscoll,* of Russell, argued the cause, and *Jerry E. Driscoll,* and *O. G. Rouse,* also of Russell, were with him on the briefs for the appellants.

*George W. Holland,* of Russell, argued the cause, and *Marvin E. Thompson,* and *Clifford R. Holland, Jr.,* also of Russell, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to foreclose a mechanic's lien. The demurrer of certain of the defendants to the amended petition, as more fully set out later, was overruled, and they appeal.

A review of the record as abstracted discloses the following.

On April 8, 1954, the plaintiff filed its petition alleging its status and that the defendants Morris owned certain described real estate in the city of Russell; that the defendants Morris contracted with the defendant Fabrizius for the erection of a dwelling house on the real estate and that Fabrizius, as contractor, purchased building materials between May 2, 1953, and March 6, 1954, for the erection of the dwelling house as specifically set forth in an exhibit attached to and made part of the petition, of the reasonable value of $9,921.36, and defendants Morris and Fabrizius had each promised to pay such amount, and that no part had been paid. Plaintiff further alleged that on April 8, 1954, and within four months after the last item was furnished, it filed in the office of the clerk of the district court of Russell county a verified mechanic's lien statement,

a copy being attached to and made a part of the petition, and caused a notice of the filing to be served upon defendants Morris. Allegations as to a mortgage on the real estate made by defendants Morris to defendant The Home State Bank on November 14, 1953, need not be detailed. Plaintiff prayed for a money judgment against defendants Morris and Fabrizius, for the foreclosure of its mechanic's lien and that the judgment be decreed a first and prior lien.

The verified lien statement stated the defendants Morris were the owners of the lands which were described; that the contractor was Fabrizius; that Houston Lumber Company was the claimant and that the amount due was $9,921.36 and interest from March 6, 1954. In the statement, a mechanic's lien was claimed upon the described real estate and improvements, and that claimant "furnished materials under a subcontract with Herman H. Fabrizius, contractor, for the erection of a dwelling house upon the above described premises and within the past 60 days, the last items of material being furnished for improvement of 'said premises March 6, 1954."

The defendants, except Fabrizius, filed a motion to make the above petition more definite and certain which was sustained in part and on September 14, 1954, an amended petition was filed, but it need not be reviewed for, for our purposes here, it was the same as the original petition. The defendants' demurrer to this amended petition, filed November 30, 1954, was overruled on December 16, 1954.

On March 5, 1955, defendants Morris and the defendant The Home State Bank filed their answers, and on April 27, 1955, the plaintiff filed its replies thereto. On the latter day the plaintiff filed a motion that if the court found the mechanic's lien statement attached to its petition be defective as not containing a specific or properly inferrable allegation as to contractual relation between defendants Morris and defendant Fabrizius for the construction of the dwelling that it be permitted to amend its lien statement by insertion of language set forth in the motion. On the hearing of this motion the trial court held the mechanic's lien statement sufficient, but that if plaintiff desired to amend, it should be permitted to do so and it ordered accordingly. Thereafter on May 14, 1955, plaintiff amended its mechanic's lien statement by inserting that Fabrizius, contractor, contracted with the Morrisses for the erection of a dwelling house on the described real estate.

On June 6, 1955, the defendants Morris and the defendant The Home State Bank filed their joint and separate demurrer to "the plaintiff's amended petition and amendment thereto and amended mechanic's lien statement" on four grounds, which will be mentioned later herein. This demurrer was overruled by the trial court on June 13, 1955. In due time defendants perfected their appeal to this court from the ruling on the last above date, but from no other ruling, decision, order or judgment of the trial court.

Appellants specify as error that the trial court erred: (1) in overruling their demurrer to the amended petition and lien statement; (2) in permitting plaintiff to amend its lien statement; and (3) in overruling their demurrer to the amended petition and amendment thereto and the amended lien statement.

In a preliminary way, it is noted that no appeal was perfected from the ruling of the trial court allowing the plaintiff to amend its mechanic's lien statement. No appeal having been taken, there is nothing before us for review (See, e. g., *Baker v. Maguire's, Inc.,* 176 Kan. 579, 272 P. 2d 739, and cases cited.) The same would be true as to the overruling on December 16, 1954, of the demurrer filed November 30, 1954, but in view of the rule that a demurrer searches the record and is applied to the first defective pleading (*Simmons v. Gill,* 161 Kan. 123, 166 P. 2d 574; *Marks v. St. Francis Hospital & School of Nursing,* 179 Kan. 268, 294 P. 2d 258), the entire record will be examined.

It is also to be borne in mind that under the code of civil procedure the defendant may demur to the petition only when it appears on the face of the petition that the stated grounds of the demurrer exist. (See G. S. 1949, 60-705; *Kendall v. Elliott,* 177 Kan. 630, 281 P. 2d 1088; and *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194, and cases cited.)

In discussing appellant's contentions we need not separately note the first demurrer which was solely on the ground that facts were not stated sufficient to constitute a cause of action, as that ground is reasserted in the second demurrer.

The grounds of the last demurrer were: (1) the court had no jurisdiction of the parties nor of the subject matter of the action; (2) several causes of action were improperly joined; (3) another action was pending between the same parties for the same cause in the United States district court of Kansas; and (4) facts sufficient to constitute a cause of action were not stated. In their brief

appellants do not mention the second and third grounds of their demurrer and they are considered as abandoned.

Appellants contend the amended petition was demurrable for two reasons.

The first reason asserted is within ground 1 of their demurrer and in substance is that the trial court had no jurisdiction of the parties or of the subject matter of the action because on April 21, 1955, the defendant Fabrizius was adjudged a bankrupt by the United States district court of Kansas. If that be the fact, it does not appear on the face of the petition or of the amended petition, and we need not discuss whether such an adjudication made over a year after the instant action was commenced prevented a judgment.

The second reason asserted is within ground 4 of their demurrer and in substance is that the facts stated are insufficient to constitute a cause of action because the action is based on a mechanic's lien statement which is invalid and insufficient in that it contains no statement as to a contractual relationship between the defendants Morris as owners of the real estate and the alleged contractor Fabrizius, and that no valid mechanic's lien statement was filed within the time provided by statute. As we understand appellants do not claim that the original statement filed on April 8, 1954, was not filed within the time prescribed, but that when the amendment was made to the statement on May 14, 1954, it was too late.

In view of our conclusion previously stated, in considering appellants' contentions and arguments, we omit all references concerning the amendment of the mechanic's lien statement, and first consider whether the mechanic's lien statement, as originally filed, was sufficient. If it was, the matter of the amendment becomes presently immaterial.

Under G. S. 1949, 60-1401, any person who, under a contract with the owner of any tract of land, shall furnish material for the erection of any building thereon, shall have a lien upon said tract of land, in the manner provided, for the amount due him for such material, and under 60-1402 provision is made for the filing of a lien statement. We are presently concerned with 60-1403 pertaining to mechanic's liens of subcontractors, which, for present purposes, reads:

"Any person who shall furnish any such material . . . under a subcontract with the contractor . . . may obtain a lien upon such land from the

same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material . . . by filing with the clerk of the district court of the county in which the land is situated, within sixty days after the date upon which material was last furnished . . . under such subcontract a statement verified by affidavits setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant and a description of the property upon which a lien is claimed; and by serving a notice in writing of the filing of such a lien upon the owner of the land . . ."

Appellants do not contend that the original lien statement filed did not state the name of the owner of the real estate, the name of the contractor, the name of the claimant, the amount claimed, nor that it was not filed within sixty days after the date upon which material was last furnished, nor that notice was not given the owner— they do contend that the lien statement failed to disclose that Fabrizius, the contractor, had a contract with the owners Morris for the erection of a dwelling house on the described real estate.

In support of their contention appellants direct our attention to *McHenry v. McHenry,* 150 Kan. 498, 95 P. 2d 261, where it was held that a mechanic's lien is a creature of statute and that the right to such a lien may be maintained only under the terms and conditions of the statute; to the statute above mentioned; to the rule that one claiming a right to a lien must bring himself fairly within the terms of the statute (*Conroy v. Perry,* 26 Kan. 472); to the rule that the mere fact that one furnishes to another materials which are used in the construction of betterments will not entitle the seller to a lien, as such lien may be acquired in the manner provided by statute and not otherwise (*Doane v. Bever,* 63 Kan. 458, 65 Pac. 693), and to the rule that where one sells materials to another without reference to the use the latter intends to make of the same or for what purpose they were purchased, the seller is not entitled to a subcontractor's lien notwithstanding the purchaser, at the time of the sale, had contracted to furnish it to another to be used in the erection of permanent improvements upon his real estate (*Manufacturing Co. v. Best,* 63 Kan. 187, 65 Pac. 239). We pause here to observe that the last cited case was determined, not on the lien statement filed, but on evidence that the lien claimant had manufactured and sold to the contractor a boiler the contractor had installed on the owner's premises, all without knowledge on the part of the claimant for whom the boiler was intended or for what purpose it was to be used. In discussing the mechanic's lien statute it was said:

"This means more than that an ordinary contract shall exist between the seller and purchaser that the purchaser shall pay the contract price; it means that the subcontractor shall contract with reference to the original contract; that is, he must have knowledge of such original contract, and that the material to be furnished is to go to the betterment of some particular estate." (l. c. 192.)

In addition to the above appellants cite decisions to the general effect that mechanic's liens are created by statute and arise only under conditions prescribed, the foundation of the lien being in the contract with the owner (*Lang v. Adams*, 71 Kan. 309, 80 Pac. 593; *Bell v. Hernandez*, 139 Kan. 216, 30 P. 2d 1101), and that the statute does not recognize equitable estoppel of the owner of the land improved as an immediate basis for the lien (*Spalding Lumber Co. v. Slusher*, 121 Kan. 155, 246 Pac. 999).

Both appellants and appellee rely on *Lumber Co. v. Washington*, 80 Kan. 613, 103 Pac. 80, where it was held:

"The requirement of the mechanic's lien statute that the statement filed by one claiming a subcontractor's lien must, among other matters, state the name of the contractor is not met by a recital that the material was sold to a designated person and by him used in constructing a building upon land belonging to another, although the person so designated was in fact the contractor. Such lien statement is fatally defective unless it shows by express averment or by reasonable implication that the purchaser of the material made the improvement under contract with the owner."

Appellants direct attention to that portion of the opinion wherein the court stated the requirements of what now appears as G. S. 1949, 60-1403, and said "All these requirements, excepting that relating to the name of the contractor, are sufficiently met.", and later that "The allegations charging the owner with direct personal liability for the debt are not appropriate to a statement for a subcontractor's lien; they add nothing to it, but they do not vitiate if it is otherwise sufficient.", and to the concluding paragraph wherein it is said that the statement, considered as one for a subcontractor's lien is defective in that while it recites the claimant sold a named firm material intended to be used in building a house on defendant Washington's land and was in fact so used, it did not say the firm had any contractual relations with Washington. Appellee directs attention to language, reflected by the syllabus, viz.: "The name of the contractor, however, is an essential part of the statement, the omission of which is fatal. (27 Cyc. 179.) And it is not enough that the name of the person who is in fact the contractor shall appear elsewhere in the statement; in addition to this the

statement itself must indicate, either expressly or by reasonable implication, that the name in question is that of the contractor."

Appellants' contention is that the lien statement is fatally defective unless it shows by express averment or by reasonable implication that the purchaser of the materials (Fabrizius) made the improvement under a contract with the owner (Morris); that it did not do so, and their demurrer should have been sustained. Appellee's contention is that its statement was in strict compliance with the statute; that it set forth the names of the owners, the name of the contractor, the name of the claimant, a description of the property, a list of the materials furnished and of the amount due, and that it contained the further statement "It has furnished materials under a subcontract with Herman H. Fabrizius, contractor, for the erection of a dwelling house upon the above described premises . . ."

We have examined the lien statement thoroughly and have concluded that, although its phraseology could be improved, it clearly appears therefrom that claimant furnished materials to Fabrizius for use in the construction of a house which Fabrizius was constructing for Morris under a contract between them, and that the lien statement was sufficient under the statute above mentioned, and that the trial court did not err in so holding and in overruling the appellants' demurrer to the original petition nor their demurrer to the amended petition as amended.

The decision, order and judgment of June 13, 1955, of the trial court from which this appeal is taken is affirmed.