No. 43,258

STATE OF KANSAS, *Appellee*, v. LEONARD KING, *Appellant*.

(378 P. 2d 155)

Opinion filed January 26, 1963.

*E. J. Schumacher*, of Topeka, argued the cause, and was on the briefs for the appellant.

*Robert M. Brown*, county attorney, argued the cause, and *William M. Ferguson*, attorney general, and *Sherman A. Parks*, assistant county attorney were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This is an appeal in the criminal case in which Leonard King, the appellant-defendant was convicted of keeping a

room in his club where gambling was carried on all as proscribed by G. S. 1949, 21-915.

In the appeal, the abstract seems to be designed to serve this defendant and also for the appeal of Vernon King in case No. 43,271, found in 190 Kan. 825, 378 P. 2d 147, this day decided. It is difficult to separate the two appeals which were not tried together in the court below, although the state has attempted to point out the material applying to each case, and has filed a counter abstract.

We shall refer to the brief of the defendant here as the easiest place to find the objections raised in the appeal. A specification of error which is not briefed is considered to be waived. In *Ferrellgas Corporation v. Phoenix Ins. Co.*, 187 Kan. 530, at page 531, 358 P. 2d 786, it is said:

"In defendant's abstract are found twenty-two separate specifications of error. In defendant's brief, only eight alleged errors are argued. It may be that some of the assigned errors are combined in the eight argued, but it must be noted this court has long been committed to the rule that specified errors not argued in the brief are deemed to have been waived. It is interesting to note that this rule was announced by the court as early as the case of *Bailey v. Dodge*, 28 Kan. 72, syl. ¶ 5, and is to be found in many of the later cases, a few of which may be cited: *Tawney v. Blankenship*, syl. ¶ 1, 150 Kan. 41, 90 P. 2d 1111; *Sams v. Commercial Standard Ins. Co.*, syl. ¶ 1, 157 Kan. 278, 139 P. 2d 859; *Carver v. Farmers & Bankers Broadcasting Corp.*, 162 Kan. 663, p. 665, 179 P. 2d 195; and *Houston Lumber Co. v. Morris*, 179 Kan. 564, p. 567-568, 297 P. 2d 165."

The same rule applies to cases of criminal appeals, see *State v. Owen*, 161 Kan. 361, 168 P. 2d 917.

Turning to the brief, it would seem that the first question raised is the proposition that to be found guilty of running a professional gambling establishment it is necessary that the evidence show a keeper of the gambling device. It would appear clear that the game of dice which was housed in the defendant's club was "kept" by one Johnnie Holmes. On the first night the agents visited the club, Holmes played against the agent and on the second night he deducted a dime for the house from each dollar which was put into the crap game where there was more than one playing. There was no want of a keeper from the evidence in this case.

The next matter argued was that the state wrongfully attacked the good character of the defendant. We have carefully considered the evidence in this case and we are unable to find that the good character of the defendant was wrongfully attacked. Of

course, the state had the right to show defendant was guilty of a crime.

Unlawful search and seizure was the next matter raised. The appellant cites the recent case of *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. But the Mapp case differs materially from this case. Furthermore, there were no objections raised in the trial as to illegal search. And still further, most of the gambling material offered in evidence was excluded on the theory that there was no proof of where it had been since it was removed from defendant's custody.

Evidence in the case shows that two agents of the Alcoholic Beverage Control Unit made a call on defendant's club at about midnight and found four rooms in the club. They testified that in the second room back of the front room there existed a bar; that after buying a drink at the bar, they sat down in the front room. Around one o'clock the two agents wandered back through the bar room, through another room with tables and chairs to the fourth room where they found Johnnie Holmes and his pool table set up with dice for crap games. On the first night, one of the agents played a few times with Holmes. On the second night, the two agents arranged for a raid by police officers and came into the club at around midnight. After buying a drink, they went back for more crap shooting and were there when one of them opened the door for the raiding party.

Dealing for the moment with the question of proper search and seizure, we failed to find any unlawful action in this record. The record shows that when the police officers made the raid they came into the gaming room and found a game of craps in progress. Finding the obvious criminal conduct going on, the officers had a perfect right to seize the materials being used.

Another matter is shown in the abstract. It appears that one of the officers noted the appellant here involved had a revolver in his hip pocket. The officer took the gun from the defendant and this was shown as part of the material evidence showing defendant to be in charge of the club. No criminal charge was filed in connection with the gun. We see no error as certainly the officer had the right to disarm the defendant.

The court holds that all of the testimony and exhibits presented and admitted into evidence were rightfully admitted over any objections made.

Under the evidence the trial court could only hold the defendant guilty of the crime charged in the information. The judgment appealed from is affirmed. It is so ordered.