JONATHAN THOMAS v. ELIZABETH W. HOGE, *Executrix*, etc.

### No. 9171.

1. MECHANIC'S LIEN— *has priority over a subsequent mortgage though purchase money of lot paid from proceeds.* Where town lots are contracted for with the view, both by vendor and vendee, to the erection of buildings thereon, and under an agreement for a loan by the vendor to the vendee upon the completion of the buildings and the execution upon the property of a mortgage to secure such loan together with the purchase price of the lots, but such loan is not made by the vendor, and such mortgage is not executed to him but is executed to a stranger, who pays out of the proceeds the purchase price of the lots and a portion of the indebtedness contracted in the erection of the buildings, *held*, that the liens of the mechanics and material-men for the remainder of such indebtedness are superior to the lien of such mortgage.

2. —— *may be asserted against mortgagee though one-year limitation has barred action against owner.* In the case as above stated, the liens of the mechanics and material-men may be asserted against the mortgagee after the expiration of the one year for foreclosing them against the land owner.

Error from Shawnee District Court. Hon. John Guthrie, Judge. Opinion filed May 8, 1897. *Reversed.*

*H. C. Safford*, for plaintiff in error.

*J. G. Slonecker*, for defendant in error.

DOSTER, C. J. On February 2, 1888, John Norton and W. E. Goulding & Son entered into the following contract:

" This is to certify that William E. Goulding & Son have this day purchased lots numbered 449, 451 and 453 on Sumner Street, in John Norton's Second Addition, for the sum of nine hundred dollars, on the following terms:

" The said W. E. Goulding & Son are to erect a good two-story house worth not less than two thousand dollars on the said lots, beginning within three months and completing the same within six months

from this date, and at the completion of said house free from mechanics' liens or material-men, we agree to execute a general warranty deed for said lots, and make a loan to said Goulding & Son (in addition to the purchase money) of six hundred dollars, and accept a note and mortgage on said property for the full amount of said loan and purchase money, not to exceed fifteen hundred dollars. The terms of said loan are to be for three years and draw eight per cent. interest, interest payable semi-annually from this date. And the said Goulding & Son are to furnish paid-up insurance policy for the amount of two thousand dollars, for the term of five years. In case the said Goulding & Son do not commence the erection of said house within the time stated, then, this nine hundred dollars becomes due and payable or they forfeit their rights under this contract, and the same is null and void, as time is of the essence of this contract. Dated, Topeka, Kansas, February 2, 1888. Approved: Bartholomew & Co., agents for John Norton.

W. E. GOULDING & SON."

On the trial of the case which grew out of the making of this contract, it was admitted : "That on or about May 1, 1888, the written contract of February 2, 1888, was modified by parol so that the Gouldings were to erect two houses upon said premises and that eleven hundred dollars was to be furnished to be put into the buildings, instead of six hundred dollars as contemplated in said contract of February 2." The Gouldings erected the houses in accordance with the above agreement and its parol modification. The plaintiff in error, who is a dealer in building material, began on June 21, 1888, to furnish to the Gouldings the lumber necessary for the erection of the houses contracted for between themselves and Norton. On July 18, 1888, the lots were conveyed as per agreement; and at the same time a couple of mortgages, each for one thousand dollars, were executed on the property by the Gouldings. These mortgages,

however, were made to J. B. Bartholomew instead of to Norton. Soon after their execution they were assigned to the testator of the defendant in error. Afterwards, the plaintiff in error and others who had furnished material or performed labor in the erection of the houses foreclosed their liens therefor, making all persons, except the owner of the mortgages, parties to the suit. Judgments of foreclosure were rendered and the property ordered to be sold ; and eight hundred dollars of the amount for which the mortgages had been given being still in Bartholomew's hands, its application towards the satisfaction, *pro rata*, of the judgments was ordered. The property was sold for the remainder of the judgments, and was purchased by the plaintiff in error, who received a sheriff's deed therefor. Subsequently, this suit was commenced to foreclose the mortgages on the property in question. Judgment went for the plaintiff, from which judgment the defendant prosecutes error to this court.

These are all the relevant facts ; and the question arising thereon is one of priority of lien between the mortgage owner and Thomas, the owner of the mechanics' and material-men's judgments. That question is not hard to determine.

Bartholomew was a mortgagee of real estate incumbered by the building liens of Thomas and others. The Civil Code, section 630, prefers such building liens to all other liens or incumbrances attaching to the lands or buildings subsequently to the commencement of such buildings. But it is said that, at the time, Norton was the owner of the lots upon which the buildings were erected, and had a purchase-money lien of nine hundred dollars upon both lots and buildings, and that the Gouldings could not incumber his interest by such improvement liens. It

may be granted.   Norton's purchase-money lien has, however, been fully paid.   Bartholomew, no doubt, paid it out of the proceeds of the mortgages.   We may well presume such to be the fact because Norton conveyed as though he had been paid, and there was no one to pay him except Bartholomew or the Gouldings.

Upon the discharge of that lien and the conveyance of the lots, the legal title thus acquired became subject to the liens of the mechanics and material-men, unless some intervening equity forbade ; and the record discloses no such equity in any one.   What might have been the equity of Norton had he made the contemplated loan to the Gouldings and taken back a mortgage to secure it and the purchase money, we need not inquire.   His purchase money was paid ; he made no loan ; he took no mortgage.   Bartholomew, a stranger, made the loan and took the mortgage.

1. Mechanic's lien has priority over subsequent mortgage.

Although payment of the purchase money to Norton out of the proceeds of the mortgages is to be imputed to Bartholomew, and although it is known that he paid some on the building liens out of such proceeds, it is not claimed that such facts entitle his assignee to be subrogated, by virtue of the mortgages, to the liens thus discharged.   The assignee could not be so subrogated unless Bartholomew, the assignor, could ; and he could claim no such right from the *mere fact* of having made a loan of money to pay off prior liens. Sheldon on Subrogation, § § 8–19.   What relation Bartholomew sustained to the various parties to this transaction, is not disclosed.   There is nothing, however, which shows him in any other character than that of an ordinary lender of money on mortgage security.   But if it could be said that he stood in the place of Norton, the case would, nevertheless, appear to be within the principle of *Shearer v. Wilder* ( 56 Kan. 252) , in which the interest of the lot owner was

held subject to the lien of an indebtedness contracted by the lot purchaser.

The defendant in error, not having been made a party to the suit in which the building liens were foreclosed, is entitled to sue for the foreclosure of her mortgage. Thomas is entitled to oppose thereto his lien as a material-man and the liens of others which passed to him by his purchase at the foreclosure sale procured by them. Neither his right to foreclose these liens nor his right to predicate a defense upon them was barred as against the plaintiff below, the defendant in error, by the limitation of section 634 of the Civil Code. The action to enforce such lien, provided for by the Mechanics' Lien Law, is for its establishment against the land owner — not against the mortgagee; and, though one year has elapsed without asserting it against the mortgagee, the right to do so nevertheless remains. Although, under section 635 of the Civil Code, mortgagees and all other incumbrancers are to be made parties, yet failure to comply with this provision does not give one not made a party the right to invoke the statutory limitation. The writer hereof, speaking for himself alone, is of the opinion that the better ground upon which to rest the right of the lienors to defend upon the strength of their liens is, that as against the defendant in error, who is a non-resident, such right is saved by section 21 of the Civil Code.

2. Lien may be asserted after one year.

The priorities of lien are with the plaintiff in error to the extent of the claims of himself and other material-men and mechanics; and, upon a retrial of the case, should one be necessary, the court below will so adjudge.

The judgment of the court below is reversed, and the cause remanded for proceedings in accordance with this opinion.