No. 40,633

LOGAN-MOORE LUMBER COMPANY, a Corporation, *Appellant,* v. FRANK C. FOLEY and ADELAIDE K. FOLEY, et al., *Appellees.*

(317 P. 2d 467)

Opinion filed November 9, 1957.

*John J. Riling* and *Eugene Clyde Riling,* both of Lawrence, argued the cause and were on the briefs for the appellant.

*O. K. Petefish,* of Lawrence, argued the cause, and *C. C. Stewart* and *James L. Postma,* both of Lawrence, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action to foreclose a mechanic's lien, and the appeal is from an order denying plaintiff's motion for permission to amend the lien statement.

On March 16, 1956, plaintiff filed with the clerk of the district court its verified lien statement as follows:

"STATEMENT FOR LIEN.

"Know all men by these presents, That the undersigned Logan-Moore Lumber Co., a corporation, does hereby claim, under and by virtue of the mechanic's lien law of the State of Kansas, a lien upon the premises hereinafter described and upon the buildings and improvements thereon, as follows, to-wit:

"Lot number Eight (8) in Mitchell Addition, an addition to the City of Lawrence.

"And for the purpose of obtaining a lien upon said land, the buildings and appurtenances thereon, does declare:

"First: That the total amount claimed $833.43, together with the legal rate of interest thereon from and after 6% after Jan. 16, 1956.

"Second: That the name of the owner of said premises is Frank C. Foley and Adelaide K. Foley, his wife.

"Third: That the name of the claimant herein is Logan-Moore Lumber Co., a corporation, the undersigned.

"Fourth: That the name of the original seller and material man by whom, said goods was sold is Logan-Moore Lumber Co., a corporation, aforesaid.

 · "Fifth: That an itemized statement of said material furnished on account of which said sum is due and on account of which this lien is claimed is hereto attached, made a part hereof and marked Exhibit 'A'.

"Sixth: That said material was furnished under a certain contract and running account, made and entered into with the undersigned, by said owner, of the above described land.

"Seventh: That said material on account of which this lien is claimed, was furnished at intervals as shown by said statement of items hereto attached and marked Exhibit 'A' from and including the 2nd day of November, 1955, and the 16th day of Jan., 1956.

"Eighth: That said material was used in and upon said premises and for the improvement thereof.

"Ninth: That the last item of said account was furnished by the claimant to the said owner on the 16th day of January, 1956.

"Tenth: That the items of merchandise furnished as shown by Exhibit 'A'

were charged for at reasonable prices and the same were furnished at the instance and request of said owner.

"Eleventh: That the sum herein claimed is the balance and total amount due and said statement of items hereto attached and marked Exhibit 'A' shows all just credits.

"Witness Its hand this 16th day of March, 1956.

"Logan-Moore Lumber Co.

By Harold Kueker, Jr.

Manager"

Exhibit "A," being the itemized statement of material furnished, and referred to in item Fifth of the lien statement, is as follows:

"Exhibit 'A'.

"Logan-Moore Lumber Company

LUMBER—CEMENT—ROOFING

900 North Second St.   Phone 113

Lawrence, Kansas

"Leland Lewis
    Jb 308
1203 W 20th Terrace                                    Date 3-12-56

| | | | |
|---|---|---|---|
| 0-10532 | 11-2-55 | | |
| 155 pcs. 4" Drain Tile | | @   .10 | 15.50 |
| 2 5 gal. foundation ctg. | | @ 4.25 | 8.50 |
| 2-6" Brushes. | | @   .85 | 1.70 |
| | | | 25.70 |
| | | Tax | .52 |
| | | | 26.22 |

The statement includes items of other materials, last of which was furnished on January 16, 1956.  TOTAL AMOUNT DUE.......................$883.43"

On the date the lien statement was filed plaintiff wrote the following letter to one of the defendants:

"Logan-Moore Lumber Company

627 Massachusetts St.   Phone 113

Lawrence, Kansas

March 16, 1956

"Mr. Frank C. Foley
1203 W. 20th Terrace
Lawrence, Kansas
Dear Sir:

We have as of this date filed a 'Mechanic's Lien' on your property. The amount of the lien being $883.43. This is the amount due for material purchased by Mr. Leland Lewis for the construction of your residence. We regret that this action was necessary.

Sincerely yours,

Harold Kueker, Jr."

This letter, sent by registered mail, was received on March 19, 1956.

On June 26, 1956, plaintiff filed its petition to foreclose the mechanic's lien in question, setting forth that on or about November 2, 1955, defendants Foley entered into a verbal contract with defendant Leland Lewis for the construction of a residence and other improvements on the described property, under which contract Lewis was to furnish all material and labor, and that Lewis had constructed the dwelling house and other improvements in accordance with the contract. It is further alleged that between November 2, 1955, and January 16, 1956, plaintiff sold and delivered to defendant Lewis building materials set forth in the lien statement in the amount of $883.43, and that no part thereof had been paid either by Lewis or defendants Foley, the owners of the property. The petition further alleges that when plaintiff filed its lien statement it failed to name therein the contractor, Leland Lewis, and included in the prayer is a request for permission to amend the lien statement by naming Lewis as the contractor who entered into the contract with the owners, defendants Foley, for construction of the dwelling house and improvements.

On October 2, 1956, plaintiff filed a separate motion for permission to amend its lien statement in the identical respect as the request contained in the petition.

On November 9, 1956, this motion was overruled, and plaintiff has appealed.

In deciding the question the trial court filed a detailed memorandum in which it carefully analyzed the issues and stated its reasons for overruling the motion, but which, in the interest of brevity, will not be set out.

Discussion of this question involves the provisions of several sections of our lien statute. G. S. 1949, 60-1401, concerns a situation where a claimant furnishes material or labor under a contract with the owner of the property involved, and G. S. 1949, 60-1402, provides that anyone claiming a lien under the preceding section of the statute shall file his lien statement setting forth as nearly as practicable, the name of the owner, contractor, and claimant, and a description of the property subject to the lien, within four months after the date upon which material was last furnished under the contract.

G. S. 1949, 60-1403, provides for a lien in favor of one who furnishes material under a subcontract with the contractor, and

further provides that the lien statement, among other things, must contain the name of the contractor, and must be filed within sixty days after the date upon which material was last furnished.

It will be noted that in items Second, Sixth, Ninth and Tenth of the lien statement here involved defendants Foley are named as the owners; that the material was furnished under a contract made and entered into between plaintiff and the owners; that the last material was furnished by plaintiff to the owners on January 16, 1956, and that such material was furnished at the instance and request of such owners.

In support of its contention that it was entitled to amend the lien statement, plaintiff relies upon G. S. 1949, 60-1405, which provides that in case of action brought, any lien statement may be amended, except as to the amount claimed, by leave of court in furtherance of justice, and cites *Thomasson v. Kirkpatrick,* 174 Kan. 52, 254 P. 2d 329, in which it was said that the real test of whether such amendment should be made is whether doing so is in furtherance of justice.

Defendants, on the other hand, contend that plaintiff, having filed its lien on the theory of a contract with the owners, as provided by G. S. 1949, 60-1401, is not to be permitted to amend the lien statement on the theory of a subcontract with the contractor, as provided by G. S. 1949, 60-1403, long after the time had expired for filing a lien statement under that statute, and that to permit such an amendment would in effect allow plaintiff to file its lien after the bar of the statute had fallen.

In our opinion, defendants' contentions are well taken and the trial court correctly decided the question.

Plaintiff's lien statement (we are advised that it was not prepared by its counsel) was based upon its contract with the owners, defendants Foley. It was filed within time. It is true that Exhibit "A," attached to it, (above set out) mentions the name "Leland Lewis," but nowhere in the lien statement or the exhibit appears any averment, direct or otherwise, that Lewis was the contractor and that plaintiff's contract was with him. In fact, the very language of the lien statement negatives the proposition now urged by plaintiff, for it specifically states the contract for material was had between plaintiff and defendant owners. It also is true that plaintiff's letter of March 16, 1956, (above set out) states that the material was purchased by Lewis for the construction of defendant owners' res-

idence, but that of course is no part of the lien statement by way of exhibit or otherwise. The situation here presented is entirely different from that in the Thomasson case, *supra*, as is readily disclosed by an examination of the lien statement there involved and set out on page 55 of the opinion.

In *Badger Lumber & Coal Co. v. Schmidt*, 122 Kan. 48, 251 Pac. 196, it was held that a lien statement filed by a subcontractor to subject the property of an owner to liability for materials furnished to the principal contractor, and used by the latter to improve the owner's property, is fatally defective if it fails to state the name of the contractor as the statute prescribes, and that a failure to conform to a statutory requisite in the recitals of a lien statement, such as designating the contractor to whom the materials were furnished and by whom they were used in the improvement of the property sought to be subjected to a subcontractor's lien, is not aided by the allegations of the subcontractor's petition in an action to enforce the lien for the reason that the lien statement filed for record must be legally sufficient in itself in order to authorize its enforcement, and that a petition and cause of action must draw their virtue from a valid and binding lien, and a lien statement acquires no virtue from mere elaboration of a plaintiff's pleadings in a cause of action seeking to enforce the lien.

As already stated, plaintiff's lien statement specifically alleges the material was sold to defendants Foley, as owners, under contract with them. By the request to amend it sought to change its position by naming Lewis as the contractor who entered into the contract with the owners, and that it sold and delivered the material to Lewis. By such amendment it is clear that plaintiff, long after the statutory time had expired, sought to bring itself within the provisions of G. S. 1949, 60-1403, and, under the facts and circumstances presented, it was not entitled to do so.

G. S. 1949, 60-1405, heretofore mentioned and relied on by plaintiff, which provides that in case of action brought, any lien statement may be amended except as to the amount claimed, by leave of court in furtherance of justice, also provides that the practice, pleading and proceedings in an action to enforce a lien shall conform to the rules prescribed by the code of civil procedure as far as the same may be applicable, and that any amendment is to be governed by the same principles as apply to pleadings. G. S. 1949, 60-759, relating to the power of courts to allow amendments to

pleadings, sets forth the conditions and circumstances in which pleadings may be amended "when such amendment does not change substantially the claim or defense."

If the lien statement filed by plaintiff created a valid lien it created one based on the theory of a contract with defendant owners. To permit the amendment later sought would in legal and practical effect permit plaintiff to obtain a lien based on the theory of a subcontract with the contractor long after the period allowed by statute for obtaining such a lien. The provision for amendment of the lien statement in a proceeding brought for its enforcement is not intended to authorize the court to create a lien where none was created by the statement which was filed. In one sense of the word, there really was nothing for plaintiff to amend, and even if there were, the requested amendment most certainly sought to change substantially the claim. In either event, the ruling of the trial court was correct and is therefore affirmed.