**In re BIRDVIEW SATELLITE COMMU-NICATIONS, INC., Debtor.**

**Bankruptcy No. 86–41150–11.**

United States Bankruptcy Court,
D. Kansas.

March 10, 1988.

Mark G. Stingley, Linde Thomson Fairchild Langworthy Kohn & Van Dyke, Kansas City, Mo., Gregory I. Azorsky, Linde Thomson Fairchild Langworthy Kohn & Van Dyke, Overland Park, Kan., for debtor.

Robert W. McKinley, Swanson, Midgley, Gangwere Clarke & Kitchin, Kansas City, Mo., Robert C. Londerholm, Hackler, Londerholm, Corder, Martin & Hackler, Chartered, Olathe, Kan., for Midgley Assoc.

John W. McClelland, Kansas City, Mo., Walker A. Hendrix, Hendrix & Clark, Ottawa, Kan., for Commercial Nat. Bank of Tulsa.

ORDER DENYING STAY RELIEF

JAMES A. PUSATERI, Bankruptcy Judge.

This matter is before the Court on the motion of Midgley Associates Architects, Inc. for relief from stay to foreclose on a mechanic's lien, and on the debtor's response thereto. Debtor appears by Mark G. Stingley and Gregory I. Azorsky of Linde Thomson Langworthy Kohn & Van Dyke, P.C. Midgley Associates appear by Robert W. McKinley of Swanson, Midgley, Gangwere, Clarke & Kitchin, and Robert C. Londerholm, of Hackler, Londerholm, Corder, Martin & Hackler, Chartered. Commercial National Bank of Tulsa, Oklahoma, appears by John W. McClelland and Walker A. Hendrix of Hendrix & Clark.

This motion was heard on January 13, 1988. At the conclusion of that hearing, the Court ordered the parties to submit briefs on the applicability of 11 U.S.C. § 546(b). The Court further ordered that if no briefs were submitted, stay relief would be granted. Briefs were subsequently filed by all parties, and the matter was submitted for final decision on February 2, 1988. On March 3, 1988, the Court extended the stay until March 10, 1988. In the interim, the Bank filed a supplemental brief and a motion for leave to file the brief out of time. The Court will not consider the late brief for the reason its decision was already drafted when the brief was received.

The sole issue presented for determination is whether under Kansas law a mechanic's lien is fully perfected upon the filing of the verified lien statement or whether commencement of a timely foreclosure action is also necessary to perfect. Having reviewed the record, the Court is now ready to rule.

### BACKGROUND

The facts are not in dispute.

From January 15, 1985 to January 30, 1986, Midgley Associates provided architectural and supervisory services for improvement of certain real property owned by debtor. In the interim, on July 9, 1985, the Bank recorded a mortgage on the realty. Within four months after having furnished services to debtor, Midgley, on April 9, 1986, filed a verified mechanic's lien statement in the amount of $165,819.78 with the clerk of the Johnson County District Court.

On August 18, 1986, debtor filed a petition for chapter 11 relief. On March 16, 1987, the Bank secured an order granting relief from stay to foreclose on its previously recorded mortgage. The Bank on April 19, 1987, then filed a foreclosure action in Johnson County District Court, naming debtor and Midgley as defendants. On May 14, 1987, Midgley filed an answer in that action rejecting the Bank's claim of a superior lien.

Midgley asserts it notified debtor of its claimed mechanic's lien by certified letter dated April 10, 1987. Midgley, however, took no action in reference to debtor's bankruptcy action until it filed a proof of claim on November 27, 1987 and the instant motion for stay relief on December 10, 1987.

### DISCUSSION

Midgley contends that it has a right to stay relief because its mechanic's lien was perfected before bankruptcy as of the date it filed its verified lien statement. The Bank and the debtor counter that a mechanic's lien is only perfected upon the timely commencement of an action to foreclose it, and that since Midgley did not commence an action within the time allowed by K.S.A. 60–1105 and 11 U.S.C. § 546(b), its lien expired. Midgley in response contends that although it did not commence an action in one year, its time to do so was tolled by 11 U.S.C. § 108(c). The Court agrees with the debtor and the Bank.

11 U.S.C. § 546(b) provides that the rights and powers of a trustee under sections 544, 545 and 549

"are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of the petition. If such law requires ... commencement of an action to accomplish such perfection,

and ... such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such ... commencement."

■ This section limits a trustee's avoiding powers by allowing certain interest holders such as statutory lienholders to perfect their interests after the trustee's rights have intervened through bankruptcy, to the extent applicable law allows such interests to relate back and be superior to intervening creditors. See *In Re: Houts*, 23 B.R. 705, 706–07 (Bankr.W.D.Mo.1982); H.Rep. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 371–72, U.S.Code Cong. & Admin.News 1978, p. 5787. The automatic stay does not stay an act to perfect such a lien. 11 U.S.C. § 362(b)(3).

The "generally applicable law" sought to be applied here is the Kansas mechanic's lien law. K.S.A. 60–1101 creates a lien in favor of any person furnishing labor, equipment, material or supplies used or consumed for the improvement of real property. The lien relates back to the commencement of the furnishing of such labor, equipment, material or supplies and is superior to intervening liens or encumbrances. K.S.A. 60–1102 provides that any person claiming such a lien shall file a verified statement containing the names of the owner of the property and of the claimant, a description of the property and a reasonably itemized statement of the amount of the claim. In this case, no party has disputed whether Midgley complied with K.S.A. 60–1102 or whether a lien of the kind specified in K.S.A. 60–1101 arose.

At the crux of the parties' dispute is the effect to be given another provision of the mechanic's lien laws, K.S.A. 60–1105(a). That section provides that

"[a]n action to foreclose a lien under this article shall be brought within one year from the time of filing the lien statement ..."

Specifically, Midgley asserts that this section is not a requirement for perfection of the lien, but only a statute of limitation.

The debtor and Bank disagree, urging that this section is a statute of duration, and thus a necessary step to perfect. Midgley responds that Kansas courts have never recognized the distinction between statutes of limitation and duration.

■ Midgley is incorrect in its assertion that the distinction between statutes of limitation and duration has not been recognized in Kansas. A statute of limitation operates to extinguish the ability to enforce the claim but not to extinguish the claim itself. The limitation in a statute of duration, however, "is a condition imposed upon the exercise of the right of action granted," such that when the limitation expires, so too does the right. *Rodman v. Railway Co.*, 65 Kan. 645, Syl. ¶ 2, 70 P. 642 (1902). Statutes of duration generally arise where a special statute creates a remedy and the statute provides its own "limitation" of time for commencing proceedings to obtain the special relief. *Hodge v. Hodge*, 191 Kan. 390, 392, 381 P.2d 329 (1963). Thus in *Rodman*, the Kansas Supreme Court considered a wrongful death act which provided for commencement of an action within two years. Gen.Stat. 1901 § 4872. A widow sought to recover damages for the death of her husband. Her first action, timely commenced, was dismissed without prejudice after removal to federal court. The widow then became the duly appointed representative of the estate and filed a second action, this time after the expiration of the two year period for commencement. The district court dismissed the widow's action, rejecting her contention that a savings clause for representatives of estates in the general statutes of limitations extended the two year deadline in the wrongful death act. The widow appealed.

On appeal, the Kansas Supreme Court affirmed the district court's order of dismissal. The court reviewed the history of the wrongful death act, which by statute had created a right of action unknown at Kansas common law. *Rodman*, 65 Kan. at 650, 70 P. 642. The court observed that where such statutes also created a limitation on the right of action the limitation was considered to be a "limitation of the

liability itself as created, and not of the remedy alone." *Rodman*, 65 Kan. at 651, 70 P. 642, quoting *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886), overruled on other grounds *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). Summing up a review of the relevant authorities, the Supreme Court thus held:

> "[T]he scope and effect of [the wrongful death act] is not merely to provide a remedy for a cause of action existing independent of the act itself, but to create a cause or right of action where, prior to the passage, or in the absence of the act, none existed. As a part of the right of action itself, as a condition imposed upon and in limitation of the exercise of the right granted, it is provided that the action upon which recovery is had must be commenced within two years from the time the right of action arose. No excuse pleaded for delay in the commencement of the action for more than two years will avail, for the reason that no such excuse can in law be held sufficient. A limitation upon the time in which a preexisting right of action may be exercised is governed by the general statutes of limitation ... But the limitation in time of the commencement of the action here brought ... is imposed as a condition upon the exercise of the right itself, is special and absolute in nature, and is unaffected by the general provisions of [the savings clause in the general statutes of limitations.]"

*Rodman*, 65 Kan. at 654, 70 P. 642. Other Kansas cases have followed the analysis used in *Rodman*, to hold that limitations imposed in various statutorily created rights of action operate as limitations inherent in the rights created. See, e.g., *Beebe v. Doster*, 36 Kan. 666, 678, 14 P. 150 (1887) (cited in *Rodman;* action against tax deed holder); *Berkley v. Tootle*, 62 Kan. 701, 703, 64 P. 620 (1901) (proceedings in revivor); *Medill v. Snyder*, 71 Kan. 590, 592, 81 P. 216 (1905) (proceeding to contest a will); *Blair v. Blair*, 96 Kan. 757, 153 P. 544 (1915) (proceedings to vacate divorce judgment); *Terrell v. Ready Mixed Concrete Co.*, 174 Kan. 633, 640–41, 258 P.2d

275 (1953) (workers' compensation proceeding); *Howard v. State Highway Commission*, 181 Kan. 226, 228, 311 P.2d 313 (1957) (eminent domain proceeding).

■ The Court found no Kansas cases squarely discussing whether K.S.A. 60–1105(a) of the mechanic's lien law is a statute of limitation or of duration. However, Kansas cases state that "[m]echanic's liens, rights acquired under them, and procedure to obtain such rights, were unknown to the common law." *Bell v. Hernandez*, 139 Kan. 216, 218, 30 P.2d 1101 (1934). They are statutory in origin, and one who claims such a lien has the burden of bringing himself within the purview of the statutes which create them. *Sutherland Lumber Co. v. Due*, 212 Kan. 658, 659–60, 512 P.2d 525 (1973). Only strict compliance with the provisions in the mechanic's lien statute will give rise to an enforceable lien. *Scott v. Strickland*, 10 Kan.App.2d 14, 20, 691 P.2d 45 (1984). Thus a mechanic's lien claimant must "pursue his remedy in the manner and within the time prescribed by statute." *Bell*, 139 Kan. at 218, 30 P.2d 1101. "The filing of the lien statement is an important step in establishing the lien ...; also, the bringing of an action to foreclose it within the time provided by statute." *Bell*, 139 Kan. at 219, 30 P.2d 1101. "A mechanic's lien not foreclosed within the time allowed by statute is no longer an enforceable lien." *Bank v. Backus*, 108 Kan. 779, Syl. ¶ 2, 196 P. 1074 (1921).

These cases suggest to the Court that the limitation in the statutorily created mechanic's lien law, like in the wrongful death act in *Rodman*, is a condition upon the exercise of the right and thus a statute of duration. Undaunted, Midgley points to several more recent Kansas cases in which courts speak of "perfecting" the mechanic's lien by the filing of the lien statement, and urges that these cases "hold" that such a filing fully accomplishes perfection. See, e.g., *Star Lumber & Supply Co. v. Capitol Constr. Co.*, 238 Kan. 743, 750, 715 P.2d 11 (1986), ("[S]upplier may perfect a mechanic's lien under either K.S.A. 60–1101 or K.S.A. 60–1103.") *Don Conroy Con-*

*tractor, Inc. v. Jensen,* 192 Kan. 300, 301, 387 P.2d 187 (1963) ("The statute relating to mechanic's liens provides for the perfection of a lien by filing a lien statement ..."); *Construction Materials, Inc. v. Becker,* 8 Kan.App.2d 394, 395, 659 P.2d 243, *rev. denied* 233 Kan. 1091 (1983) ("Since the lien statement was filed more than three months ... plaintiff perfected a lien only if there was compliance with K.S. A.1982 Supp. 60–1101 and KSA 60–1102.") But see *In Re: Seel,* 22 B.R. 692 (Bankr.D.Kan.1982) (the word "perfect" used in quotes). The Court disagrees.

The Court believes Midgley places undue reliance on Kansas courts' loose references to "perfection" in various cases. The principal case relied on by Midgley, *Toler v. Satterthwaite,* 200 Kan. 103, 434 P.2d 814 (1967), involved construction of the predecessors to K.S.A. 60–1101, 60–1102 and 60–1103. The issues in *Toler* were whether there was a "contract with owner," whether a contractor or subcontractor relationship existed, and whether the lien statement that was filed complied with the relevant contractor or subcontractor statute. The *Toler* court held that where homeowners contracted to buy a lot and house from a contractor, who subcontracted with the claimants, and then the contractor conveyed title to homeowners, that the homeowners were "owners" under the mechanic's lien statutes and that the claimants were "subcontractors." *Toler,* 200 Kan. at 103, 434 P.2d 814, Syl. ¶ 1. In reaching its holding, the *Toler* court in dicta noted that, "[t]o perfect the lien, the claimant is required to file a verified lien statement ..." 200 Kan. at 106. The court did not, however, have in issue whether K.S.A. 60–1105(a) had been complied with, or whether K.S.A. 60–1105(a) is a statute of limitation or of duration. *Toler*'s dicta in reference to perfection is thus not controlling, as is true of the other cases cited by Midgley.

Midgley cites another case, *Thomas v. Hoge,* 58 Kan. 166, 48 P. 844 (1897), for the proposition that a mechanic's lien may still be asserted against the mortgagee even though no timely action is commenced for foreclosing it against the landowner. If that proposition were so, it would tend to support Midgley's assertion that expiration of the one year deadline does not extinguish the lien and thus is a true statute of limitation. However, the proposition in *Thomas* was rejected by the Supreme Court in *Bell* as an "individual view" of the law not concurred in by the other justices and not the judgment of the court. *Bell,* 139 Kan. at 223, 30 P.2d 1101. Moreover, the lien claimant in *Thomas* had timely foreclosed its lien against the owner and merely sought to enforce the lien in a subsequent foreclosure action filed by a mortgagee, whom the lien claimant had not named in its foreclosure. The *Thomas* court observed that the one year limitation did not apply in an action to assert the lien against a subsequent mortgagee. *Thomas* thus stands only for the proposition that an otherwise perfected lien may be asserted against a mortgagee, and not that a lien which was not timely foreclosed may survive.

Finally, in the most recent case to discuss specifically K.S.A. 60–1105(a), the Kansas Supreme Court indicates in dicta that it considers that section to operate as a statute of duration. In *Boyce v. Knudson,* 219 Kan. 357, 548 P.2d 712 (1976), the owners contracted with a contractor to build two hog houses on their farm. The contractor contracted with two subcontractors, a lumber company and a concrete company, to furnish materials. The contractor and subcontractors filed mechanic's lien statements. Only the contractor brought an action to foreclose its lien against the owners, and the subcontractors were not made parties. However, in the judgment foreclosing the contractor's lien, the trial judge awarded the contractor sufficient money to pay the subcontractor's liens, when those amounts were determined.

Some months later, and over two years after all claimants had filed their verified lien statements, the subcontractors brought actions to foreclose. The trial judge found that the subcontractors' liens had expired for the failure to commence an action within one year, and denied certain of the subcontractors' discovery requests

for lack of a "pending action" before it. The subcontractors appealed.

On appeal, the Kansas Supreme Court affirmed the trial court's judgment, holding that the liens filed by the subcontractors lost their force by the subcontractors' failure to foreclose on them within one year. *Boyce*, 219 Kan. at 362, 548 P.2d 712. In so holding, the court noted that, "[w]hen liens are not timely perfected pursuant to K.S.A. 60–1105(a), K.S.A. 60–1108 provides a statutory remedy." *Boyce*, 219 Kan. at 362, 548 P.2d 712. The court observed that K.S.A. 60–1108 provides for the actual cancellation of the lien by the clerk's entry in the mechanic's lien docket "that said lien is cancelled by limitation of law." The court further observed:

> "Although citations from other jurisdictions are of questionable value in mechanic's lien cases because of the varying state statutes ..., it is normally held that *where the statutue defines the duration of the lien* and suit is not brought within that time, the lien expires irrespective of alleged agreements or waivers to the contrary [cites omitted]." (emphasis added)

*Boyce*, 219 Kan. at 362–63, 548 P.2d 712. Compare *Bob Eldridge Constr. Co. v. Pioneer Materials, Inc.*, 235 Kan. 599, 606, 684 P.2d 355 (1984) (rejecting contention that limitation in K.S.A. 60–1105(a) applies to actions on mechanic's lien bond under K.S.A. 60–1110; since K.S.A. 60–1110 did not provide its own limitation, the general statute of limitations applied).

This Court believes that *Boyce* and *Bell* are the clearest indication of how Kansas courts would rule on the issue of when a mechanic's lien becomes fully perfected. The Court therefore holds that the bringing of an action to foreclose a mechanic's lien within one year of the filing of the lien statement is a necessary step for perfection of a mechanic's lien under Kansas law. Like the Kansas courts, this Court disregards as noncontrolling cases from other jurisdictions cited by the parties. See, e.g., *In Re: Hunters Run Ltd. Partnership*, 70 B.R. 297 (Bankr.W.D.Wash.1987) (limitation in Washington mechanic's lien statute found to be durational). Compare *Matter of Design Builders, Inc.*, 18 B.R. 392 (Bankr.D.Id.1981) (limitation in Idaho mechanic's lien statute found to be pure statute of limitation).

It is undisputed that Midgley did not commence an action to foreclose its mechanic's lien within one year, and Midgley does not contend it took any steps to comply with the § 546(b) notice requirement within one year. Further, Midgley does not contend that 11 U.S.C. § 108(c) extends the time for other than pure statutes of limitation and it is clear that that section does not do so. *In Re: Hunters Run Ltd. Partnership*, 70 B.R. 297, 299 (Bankr.W.D. Wash.1987). Accordingly, the Court determines Midgley's lien expired by failure to perfect under 11 U.S.C. § 546(b) and K.S.A. 60–1105(a), and that Midgley is not entitled to relief from stay. The motion for stay relief is thus denied.

IT IS SO ORDERED.