(998 P.2d 509)

No. 82,228

OWEN LUMBER COMPANY, *Appellant*, v. ARTHUR CHARTRAND and CAROL CHARTRAND, *Appellees*.

Opinion filed February 18, 2000.

*Michael P. Bandér*, of Crouch, Spangler & Douglas, of Harrisonville, Missouri, for appellant.

*Jerry D. Fairbanks*, of Goodland, for appellees.

Before KNUDSON, P.J., ROBERT J. FLEMING, District Judge, assigned, and RICHARD M. SMITH, District Judge, assigned.

SMITH, J.: This appeal involves the procedures necessary for a subcontractor to claim a lien upon real estate, specifically the notice of intent to perform required under K.S.A. 60-1103b(b), and the requisite notice, pursuant to K.S.A. 60-1103(c).

A summary recitation of the underlying facts is necessary for an understanding of the issues on appeal. Arthur and Carol Chartrand contracted with Design Build Group, Inc. (Design Build) for the construction of a new residence. The development where the real estate is located required that the contractor retain title to the real estate until the project was completed. Title, therefore, was held by Design Build during construction.

Construction was undertaken in late 1994 or early 1995 and problems soon developed. After reviewing the record, it appears that the Chartrands made change orders directly with subcontractors. Many of the subcontractors were not being paid. Numerous liens were filed. The Chartrands filed an affidavit of equitable interest in the Office of the Register of Deeds of Johnson County, Kansas on December 28, 1995. This was done in an apparent attempt to protect their investment in the property.

Owen Lumber Company, Inc. claimed a mechanic's lien for lumber it had supplied for a portion of the project. Owen Lumber filed its lien on January 5, 1996. Design Build acknowledged receipt of the lien on January 8, 1996.

The Chartrands received a title report reflecting Owen Lumber's lien. Mr. Chartrand researched the records of the Johnson County District Court pertaining to this real estate, including Owen Lumber's lien.

After settlement negotiations with Design Build, the Chartrands accepted title to the property by way of quitclaim deed. This deed was filed February 5, 1996. All other liens have been resolved in various fashions not pertinent to this appeal.

The procedural history of this litigation is also pertinent to the appeal. A petition to foreclose the lien was filed by Owen Lumber on January 3, 1997. Owen Lumber subsequently filed a motion for summary judgment. After hearing oral arguments on the motion for summary judgment, the district court ruled that Owen Lumber's failure to comply with Supreme Court Rule 141 (1999 Kan.

Ct. R. Annot. 176) precluded summary judgment in its favor. The district court went on to say, though, that summary judgment is sometimes properly granted to a nonmoving party and granted the Chartrands partial summary judgment. The court ruled that Owen Lumber was not entitled to claim a lien because of its failure to comply with the requirements of K.S.A. 60-1103b and the only remaining issue was whether the Chartrands were good faith purchasers for value. That specific issue was for trial at a later date.

At trial, after hearing evidence on the issue of good faith, the district court ruled that the Chartrands were, in fact, good faith purchasers for value. The court added that the lien failed because of Owen Lumber's failure to comply with the notice requirements of K.S.A. 60-1103(c). Owen Lumber appeals the rulings of the district court.

This appeal presents two issues. Both are questions of statutory construction over which our review is plenary. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998). The first issue is whether the district court erred in its determination that Owen Lumber was required to file a notice of intent to perform under K.S.A. 60-1103b. The second issue concerns Owen Lumber's compliance with the notice requirement found in K.S.A. 60-1103(c).

It will be helpful to review the rules of statutory construction pertinent to both issues.

The fundamental rule of statutory construction is that the intent of the legislature, if it can be ascertained, controls interpretation. *Kaul v. Kansas Dept. of Revenue*, 266 Kan. 464, Syl. ¶ 2, 970 P.2d 60 (1998). When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent and will not read such a statute as to add something not readily found therein. *In re Marriage of Killman*, 264 Kan. 33, Syl. ¶ 3, 955 P.2d 1228 (1998). The legislature is presumed to have expressed its intent through the statutory scheme enacted. 264 Kan. 33, Syl. ¶ 2.

Where the face of the statute leaves its construction uncertain, the court may properly look into the historical background of its enactment, including the circumstances attending its passage. *In re Tax Appeal of Univ. of Kan. School of Medicine*, 266 Kan. 737,

Syl. ¶ 5, 973 P.2d 176 (1999). It is presumed that the legislature acted with full knowledge and information as to judicial decisions with respect to prior law. *McGraw v. Premium Finance Co. of Missouri*, 7 Kan. App. 2d 32, 35, 637 P.2d 472 (1981), *rev. denied* 231 Kan. 801 (1982). When the legislature revises existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. *Kaul*, 266 Kan. 464, Syl. ¶ 3.

The first issue is whether Owen Lumber was required to file a notice of intent to perform under K.S.A. 60-1103b. That statute provides, in pertinent part:

"(b) A lien for the furnishing of labor, equipment, materials or supplies for the construction of new residential property may be claimed pursuant to K.S.A. 60-1103 and amendments thereto after the passage of title to such new residential property to a good faith purchaser for value only if the claimant has filed a notice of intent to perform prior to the recording of the deed effecting passage of title to such new residential property. Such notice shall be filed in the office of the clerk of the district court of the county where the property is located."

The district court interpreted this provision as requiring Owen Lumber to file a notice of intent to perform even though it had filed the lien while title was still vested in Design Build, the owner/contractor. The district court stated that the passage of the amendment to K.S.A. 60-1103 and to 60-1103b was in response to *Star Lumber & Supply Co. v. Capital Constr. Co.*, 238 Kan. 743, 715 P.2d 11 (1986), and, therefore, the legislature intended to require the notice of intent to perform in circumstances similar to the instant one. The district court went on to hold that the notice of intent to perform requirement was absolute and the filing of the lien itself failed to satisfy the requirement.

The district court may have been misled by the coincidental passage of K.S.A. 60-1103b and the Supreme Court's decision in *Star Lumber*. The proposed legislation, which eventually became K.S.A. 60-1103b, was introduced as HB 2296 on February 12, 1985. House J. 1985, p. 267. The bill was referred to the Special Committee on the Judiciary on February 13, 1985. House J. 1985, p. 274. It emerged as SB 413 on January 13, 1986. Sen. J. 1986, p. 848. It was first passed by the Senate on a roll call vote on February 12, 1986. Sen. J. 1986, pp. 965-66. The legislation was sent to

conference committee twice before final passage. There is no discussion of the *Star Lumber* case in any of the committee minutes. *Star Lumber* was decided on February 21, 1986. The legislature's actions cannot be attributed to *Star Lumber*.

K.S.A. 60-1103b provides that a subcontractor may claim a lien upon new residential property *after* the passage of title only if the requisite notice of intent to perform is filed prior to the recording of the deed effecting passage of title. The statute is plain and unambiguous. Its obvious purpose is to provide protection for good faith purchasers after the passage of title. Here, Owen Lumber claimed a lien against the real estate owned by Design Build and filed a lien statement prior to the passage of title to the Chartrands. The filing of an affidavit of equitable interest is not tantamount to a passage of title. K.S.A. 60-1103b was inapplicable. The question of whether the Chartrands were good faith purchasers was irrelevant.

The next issue is whether Owen Lumber complied with the notice provision of K.S.A. 60-1103(c).

The district court ruled that Owen Lumber's lien failed because notice was not given as required by K.S.A. 60-1103(c). That statute provides, in pertinent part:

"(c) *Recording and Notice*. When a lien is filed pursuant to this section, . . . [t]he claimant shall (1) cause a copy of the lien statement to be served personally upon any one owner and any party obligated to pay the lien in the manner provided by K.S.A. 60-304, and amendments thereto, for the service of summons within the state, or by K.S.A. 60-308, and amendments thereto, for service outside of the state, (2) mail a copy of the lien statement to any one owner of the property and to any party obligated to pay the same by restricted mail or (3) if the address of any one owner or such party is unknown and cannot be ascertained with reasonable diligence, post a copy of the lien statement in a conspicuous place on the premises. *The provisions of this subsection requiring that the claimant serve a copy of the lien statement shall be deemed to have been complied with, if it is proven that the person to be served actually received a copy of the lien statement.*" (Emphasis added.)

The district court emphasized that Owen Lumber never attempted service upon the Chartrands in any manner provided under K.S.A. 60-304. The court went on to point out that under the Kansas Supreme Court decision in *Toler v. Satterthwaite*, 200 Kan.

103, 109-10, 434 P.2d 814 (1967), the court noted that the term "owner" did not admit of any narrow construction that it include only the holder of the fee, but includes every character of ownership of title, whether legal or equitable. The court also stated that Owen Lumber had constructive notice of the equitable interest in the real estate claimed by the Chartrands and concluded that failure to even attempt service of the lien on the Chartrands was fatally defective.

*Toler* was followed by *Schwaller Lumber Co., Inc. v. Watson,* 211 Kan. 141, 505 P.2d 640 (1973). In *Schwaller,* the Supreme Court reiterated the all-inclusive definition of "owner" under K.S.A. 1968 Supp. 60-1103 and ruled that service of a lien statement upon one owner or co-tenant is not binding upon another owner or co-tenant even if the other owner happens to be a spouse. 211 Kan. at 144-46. After *Schwaller,* 60-1103 was amended from requiring service of a copy of the lien upon "the owner" to upon "any *one* owner." (Emphasis added.) L. 1978, ch. 230, § 3.

After this revision, the statute was visited by the Court of Appeals in *Scott v. Strickland,* 10 Kan. App. 2d 14, 23, 691 P.2d 45 (1984):

"The lien statement no longer has to be served upon 'the owner' but must only be delivered to 'any one owner of the property.' Thus, the statute now recognizes the possibility of joint ownership and inferentially overrules the conclusion of *Schwaller Lumber* that one owner is not agent for another. The statute now permits service on one owner to satisfy the entire notice to the owner requirement. Furthermore the statute now provides that proof of actual receipt of the lien statement by the person to be served is sufficient."

Clearly, Design Build did receive a copy of the lien statement in compliance with the actual notice requirement of K.S.A. 60-1103(c). Consequently, Owen Lumber's failure to perfect service upon Design Build under K.S.A. 60-304 is not fatal to perfection of its lien. We conclude the district court erred in its rulings to the contrary.

The district court also suggests that failure to serve the Chartrands was a failure to "serve any party obligated to *pay* the lien." (Emphasis added.) K.S.A. 60-1103(c). We point out that Design Build and not the Chartrands is responsible for payment of the underlying debt. Owen Lumber does not seek a personal judgment

against the Chartrands, but only foreclosure of their lien against the subject real estate. We conclude the district court misapplied K.S.A. 60-1103(c) to the facts.

Accordingly, we reverse the district court's grant of partial summary judgment to the Chartrands and remand this litigation to the district court for further proceedings consistent with this opinion.

Reversed and remanded with directions.